# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

TWINSTRAND BIOSCIENCES, INC., &
UNIVERSITY OF WASHINGTON,

        Plaintiffs,

        v.

GUARDANT HEALTH, INC.,

        Defendant.

C.A. No. 21-1126 (LPS)

## [PROPOSED] SCHEDULING ORDER

This ___ day of ___, 2021, ~~the Court having conducted a Case Management Conference/Rule 16 scheduling and planning~~ conference pursuant to ~~Local Rule 16.2(a) and Judge Stark's Revised Procedures~~ for Managing Patent Cases ~~(which is posted at http://www.ded.uscourts.gov; *see* Chambers, Judge Leonard P. Stark, Patent Cases)~~, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within twenty-five (25) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov; *see* Other Resources, Default Standards for Discovery, and is incorporated herein by reference).

2.      <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before May 20, 2022.

3.      <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraphs:

1.      <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      <u>Papers Filed Under Seal</u>. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the

Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.     Courtesy Copies. Other than with respect to "discovery matters," which are governed by paragraph 8(g), and the final pretrial order, which is governed by paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7.     Disclosures. Absent agreement among the parties, and approval of the Court:

a.     By January 12, 2022, Plaintiffs shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiffs shall also produce the file history for each asserted patent.

b.     By February 17, 2022, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

        c.      By March 18, 2022, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

        d.      By April 19, 2022, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

        e.      By February 17, 2023, Plaintiffs shall provide final infringement contentions.

        f.      By February 17, 2023, Defendant shall provide final invalidity contentions.

    8.    <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        a.      <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before February 3, 2023.

        b.      <u>Document Production</u>. Document productions shall be substantially complete by September 9, 2022.

        c.      <u>Requests for Admission</u>. A maximum of <u>30</u> requests for admission are permitted for each side. Any requests for admission directed to the authentication or admissibility of documents are excluded from this limitation.

        d.      <u>Interrogatories</u>.

           i.      A maximum of <u>30</u> interrogatories, including contention interrogatories, are permitted for each side.

          ii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of

agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e.   Depositions.

   i.   Limitation on Hours for Deposition Discovery. Each side is limited to a total of 70 hours of taking fact testimony by deposition upon oral examination, including depositions conducted under Rule 30(b)(6) of the Federal Rules of Civil Procedure and third-party witnesses. Any deposition lasting fewer than 5 hours will count as 5 hours against the total time of the side taking the deposition. If a deponent testifies wholly or substantially through an interpreter, the party taking the deposition shall be permitted, on a pro rata basis, 1.5 hours of deposition time for each hour spent testifying through the interpreter.

   ii.   Location of Depositions. The parties shall meet and confer regarding the locations of depositions, taking into account the worldwide health situation and the convenience of the deponent. The parties may agree to take remote depositions.

f.   Disclosure of Expert Testimony.

i.   Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before March 24, 2023. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before April 21, 2023. Reply expert reports from the party with the initial burden of proof are due on or before May 15, 2023. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.   Expert Report Supplementation. The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii.   Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

g.   Discovery Matters and Disputes Relating to Protective Orders.

i.        Any discovery motion filed without first complying with the

following procedures will be denied without prejudice to renew

pursuant to these procedures.

ii.       Should counsel find, after good faith efforts—including *verbal*

communication among Delaware and Lead Counsel for all

parties to the dispute—that they are unable to resolve a

discovery matter or a dispute relating to a protective order, the

parties involved in the discovery matter or protective order

dispute shall submit a joint letter in substantially the following

form:

> Dear Judge Stark:
>
>     The parties in the above- referenced
> matter write to request the scheduling of a
> discovery teleconference.
>
>     The following attorneys, including
> at least one Delaware Counsel and at least
> one Lead Counsel per party, participated in
> a verbal meet-and-confer (in person and/or
> by telephone) on the following date(s):
>
> _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
>     The disputes requiring judicial
> attention are listed below:
>
> [provide here a non-argumentative list of
> disputes requiring judicial attention]

iii.     On a date to be set by separate order, generally not less than

forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv.     Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

v.     Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.     <u>Motions to Amend</u>.

a.     Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.     Within three (3) days thereafter, the moving party may file a reply letter,

- 8 -

not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a

teleconference to address the motion to amend.

     10.   <u>Motions to Strike</u>.

          a.   Any motion to strike any pleading or other document shall ***NOT*** be

accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed

three (3) pages, describing the basis for the requested relief, and shall attach the document to

be stricken.

          b.   Within seven (7) days after the filing of a motion in compliance with

this Order, any party opposing such a motion shall file a responsive letter, not to exceed five

(5) pages.

          c.   Within three (3) days thereafter, the moving party may file a reply letter,

not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a

teleconference to address the motion to strike.

     11.   <u>Tutorial Describing the Technology and Matters at Issue</u>. Unless otherwise

ordered by the Court, the parties shall provide the Court, no later than the date on which the

Plaintiffs' Opening Claim Construction brief is due to be served, a tutorial on the technology

at issue. In that regard, the parties may separately or jointly submit a DVD of not more than

thirty (30) minutes. The tutorial should focus on the technology at issue and should not be

used for argument. The parties may choose to file their tutorial(s) under seal, subject to any

protective order in effect. Each party may comment, in writing (in no more than five (5)

pages) on the opposing party's tutorial. Any such comment shall be filed no later than the

date on which the Answering Claim Construction Brief is due to be served. As to the format

selected, the parties should confirm the Court's technical abilities to access the information

contained in the tutorial (currently best are "mpeg" or "quicktime").

  12. <u>Claim Construction Issue Identification</u>.  On June 10, 2022, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction, and on June 17, 2022, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on July 1, 2022. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) at issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

  13. <u>Claim Construction Briefing</u>. Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on July 27, 2022. Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on August 26, 2022. Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on September 16, 2022. Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on September 30, 2022. No later than October 12, 2022, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Representative Claims

II.   Agreed-upon Constructions

III.  Disputed Constructions.

      A.    [TERM 1][1]

            1.    Plaintiffs' Opening Position

            2.    Defendant's Answering Position

            3.    Plaintiffs' Reply Position

            4.    Defendant's Sur-Reply Position

      B.    [TERM 2]

            1.    Plaintiffs' Opening Position

            2.    Defendant's Answering Position

            3.    Plaintiffs' Reply Position

            4.    Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

14.    Hearing on Claim Construction. Beginning at ~~9:30~~ 9:00 a.m. on November 28, 2022, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the

_____

[1] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions.

hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

15.    <u>Interim Status Report</u>.  On February 10, 2023, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters at issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.    <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than January 18, 2023, the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

17.    <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before June 23, 2023. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

a.    <u>No early motions without leave</u>. No case dispositive motion under Rule 56 maybe filed more than ten (10) days before the above date without leave of the Court.

b.    <u>Page limits combined with *Daubert* motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each

***SIDE*** will be limited to a combined total of forty (40) pages for all opening briefs, a

combined total of forty (40) pages for all answering briefs, and a combined total of twenty

(20) pages for all reply briefs regardless of the number of case dispositive motions that are

filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert*

motion to exclude or preclude all or any portion of an expert's testimony, the total amount of

pages permitted for all case dispositive and *Daubert* motions shall be increased to fifty (50)

pages for all opening briefs, fifty (50) pages for all answering briefs, and twenty-five (25)

pages for all reply briefs for each ***SIDE***.[2]

        c.    Hearing. The Court will hear argument on all pending case dispositive

and *Daubert* motions on July 25, 2023, beginning at ~~9:30~~ 9:00 a.m.  Subject to further order of

the Court, each side will be allocated a total of forty-five (45) minutes to present its

argument on all pending motions.

        18.    Applications by Motion. Except as otherwise specified herein, any application

to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion

should contain the statement required by Local Rule 7.1.1.

        19.    Pretrial Conference. On October 27, 2023, the Court will hold a pretrial

conference in Court with counsel beginning at ~~9:30~~ 9:00 a.m. Unless otherwise ordered by the

Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure

requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court

the joint proposed final pretrial order with the information required by the form of Revised

---

[2] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

Final Pretrial Order – Patent, which can be found on the Court's website

(www.ded.uscourts.gov), on or before ~~September 22~~ *Oct. 20,* 2023. Unless otherwise ordered by the

Court, the parties shall comply with the time-frames set forth in Local Rule 16.3(d)(1)–(3) for

the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final

pretrial order and all attachments.

As noted in the Revised Final Pretrial Order – Patent, the parties shall include in their

joint proposed final pretrial order, among other things:

a.  a request for a specific number of ***hours*** for their trial presentations, as

well as a requested number of days, based on the assumption that in a typical jury trial day

(in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6

½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

b.  their position as to whether the Court should allow objections to efforts

to impeach a witness with prior testimony, including objections based on lack of

completeness and/or lack of inconsistency;

c.  their position as to whether the Court should rule at trial on objections

to expert testimony as beyond the scope of prior expert disclosures, taking time from the

parties' trial presentation to argue and decide such objections, or defer ruling on all such

objections unless renewed in writing following trial, subject to the proviso that a party

prevailing on such a post-trial objection will be entitled to have all of its costs associated with

a new trial paid for by the party that elicited the improper expert testimony at the earlier trial;

and

d.  their position as to how to make motions for judgment as a matter of

law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

20.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21.    Jury Instructions, Voir Dire, and Special Verdict Forms. Pursuant to Local Rules 47 and 51, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

22.    Trial. This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on November _6_ , 2023, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.

- 15 -

The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23.     Judgment on Verdict and Post-Trial Status Report. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

24.     Post-Trial Motions. Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of twenty (20) pages of opening briefs, twenty (20) pages of answering briefs, and ten (10) pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
UNITED STATES DISTRICT JUDGE