

**WILMINGTON**
RODNEY SQUARE
**NEW YORK**
ROCKEFELLER CENTER

**Adam W. Poff**
P 302.571.6642
F 302.576.3326
apoff@ycst.com

October 13, 2022

REDACTED - PUBLIC VERSION
(Filed October 20, 2022)
*Via Electronic Filing/E-mail*

████████████████████

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

Re:      *TwinStrand Biosciences, Inc., et al. v. Guardant Health, Inc.*
         C.A. No. 21-1126-GBW-SRF

Dear Judge Fallon:

Plaintiffs TwinStrand Biosciences, Inc. and University of Washington (collectively "Plaintiffs") respectfully request an order compelling Defendant Guardant Health, Inc. to produce documents related to its Accused Services.[1] A proposed Order is attached.

**I.      Background**

Over six months ago, Plaintiffs served infringement contentions that accused Guardant of infringing the patents-in-suit by performing its Accused Services. Plaintiffs based these contentions on Guardant documents that represented the Accused Services were performed by using specific Guardant *products* that are independently accused of infringing the patents-in-suit.[2] Guardant's subsequent production of core technical documents for its Accused Services, however, initially consisted of one 38-page document that was nothing more than a marketing presentation. Ex. C, Guardant ████ Biotech Meeting (May 11, 2020) (GH00006952-6989). Since then, Plaintiffs have: (1) consistently pressed Guardant on the deficiency of its core technical document production for the Accused Services; and (2) propounded Requests for Production ("RFPs") designed to elicit documents showing the technical particulars of the

---

[1] Guardant's Accused Services are Guardant Response, Guardant Connect, Guardant Inform, Guardant Companion, and Guardant Explore (the "Accused Services"). Ex. A, Plaintiffs' Initial Claim Charts on Infringement (Apr. 1, 2022).

[2] *See, e.g.*, Ex. B, GH00007762 (████████████████████████████████████████████
████████████████████.

Young Conaway Stargatt & Taylor, LLP
The Honorable Sherry R. Fallon
October 13, 2022

Accused Services, how Guardant markets the Accused Services, and the financial performance
of the Accused Services.

Initially, Guardant flatly refused to produce *any* additional documents on the basis that
Plaintiffs' infringement contentions as to the Accused Services were deficient. Ex. D, Letter
from M. De Lazzari, at 1 (Feb. 25, 2022) ("After reviewing [the 38-page presentation], if
Plaintiffs can articulate a tenable basis for their infringement allegations against the 'Accused
Services,' Guardant will revisit its objection."). Guardant then staked out a new, but equally
indefensible, position. Guardant produced an additional, limited set of documents relating to the
Accused Services, but told Plaintiffs additional documents would only be produced if "Plaintiffs
are able to identify a basis for infringement by the Guardant services via a supplementation of its
infringement contentions . . . ." Ex. E, J. Castellano Email (Aug. 25, 2022).

Notwithstanding these protestations, Guardant then confirmed in late September the
premise of Plaintiffs' infringement theory that the Accused Services are performed by using the
Guardant products, which are also accused of infringing the patents-in-suit:

> To the extent the Guardant services documents refer to assays or test
> kits, those assays or test kits involve the same core technology as
> the accused products. *In other words, any sequencing technology
> underlying the Guardant Services is the same as the technology in
> the accused products.*

Ex. F, J. Castellano Email (emphasis added) (Sept. 26, 2022). Guardant, however, stated that the
documents it had recently produced "definitively establish that there is no basis to allege that the
Guardant Inform and Guardant Connect services perform the methods set forth in the asserted
claims." On that basis, Guardant has refused to make a full production of the requested
documents as to these two Accused Services—Guardant Inform and Guardant Connect.

## II.   Plaintiffs' Discovery Requests Seek Information That is Relevant to the Parties' Claims and Defenses and Proportional to the Needs of The Case.

The scope of discovery is broad. *See* Fed. R. Civ. P. 26(b); *see also, Contour IP Holding,
LLC v. GoPro, Inc.*, Oral Order, C.A. No. 15-1108-LPS (D. Del. Jul. 6, 2016) (Ex. G);
*Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, at 373-375 (D. Del. Apr. 18, 2016).

Plaintiffs have sought the production of core technical documents as required by the
Scheduling Order and sought documents sufficient to show how the Accused Services work, as
well as served RFPs seeking additional detail on the Accused Services. Ex. H, A. Phillips Letter,
at 2 (May 3, 2022).[3] In particular, TwinStrand has sought but not received a complete

---

[3] Plaintiffs also sought information related to the Accused Services in its Interrogatories (Ex. I,
Plaintiffs' First Set of Interrogatories to Guardant (Nos. 1–16) (Nov. 30, 2021)), but Guardant
has categorically refused to "respond to [any of] these Interrogatories as to the 'Accused

Young Conaway Stargatt & Taylor, LLP
The Honorable Sherry R. Fallon
October 13, 2022

productions of (1) documents showing which products are used by each service (*id.* at RFP Nos. 2, 3, 14, and 33); (2) documents showing how each of the services are advertised (*id.* at RFP Nos. 14, 29); (3) documents showing how the services are sold (*id.* at RFP Nos. 3, 4, 7, 8, 14); (4) documents showing involvement of Guardant and others in the Accused Services (*id.* at RFP Nos. 2, 6, 7, 8, 14); (5) documents showing all internal names for the services (*id.* at RFP No. 1); and (6) documents showing the design, functionality, and operation of the Accused Services (*id.* at RFP No. 2).

These categories of documents are plainly relevant as they go to the core of TwinStrand's infringement case (how and by whom the Accused Services are performed) and the damages resulting from that infringement. To date, Guardant's production has failed to contain anything remotely resembling a core technical document for the Accused Services and has similarly ignored the RFPs. Instead, Guardant's production has been limited to sales/marketing presentations, sales agreements, product brochures, and similar documents that discuss the Accused Services at a high level.

Accordingly, Plaintiffs respectfully request that the Court compel Guardant to produce core technical documents related to the Accused Services and other Accused Services documents responsive to Plaintiffs' RFPs.

Guardant's subjective belief that two of its services—Inform and Connect—do not infringe is not a viable basis to refuse to produce documents. Otherwise, a defendant could always grind discovery to a halt simply by asserting noninfringement. To the extent that Guardant has further responsive information or documents within its possession, it must produce them. *See Greatbatch*, 179 F. Supp. 3d at 374 (D. Del. 2016) (recounting a prior hearing in which the Court had ordered the defendant to produce core technical documents, despite the defendant's insistence that the product at issue "unarguably [did] not infringe" the asserted patent).

Sincerely,

*/s/ Adam W. Poff*

Adam W. Poff (No. 3990)

---

Service(s)'" based on its belief that Guardant Connect and Guardant Inform do not perform genomic sequencing. *See*, Ex. J, Guardant's Responses and Objections to Plaintiffs' First Set of RFPs (Nos. 1–80) (Dec. 30, 2021).

Young Conaway Stargatt & Taylor, LLP
The Honorable Sherry R. Fallon
October 13, 2022

Enclosures (Exs. A-J and Proposed Order)

cc:   Clerk of Court (via hand delivery)
      Counsel of Record (via CM/ECF)

Exhibits A-C
REDACTED
IN THEIR ENTIRETY

# Exhibit D



**DLA Piper LLP (US)**
2000 University Avenue
East Palo Alto, California 94303-2250
www.dlapiper.com

Monica Ivana De Lazzari
Monica.DeLazzari@dlapiper.com
T   650.833.2034
F   650.687.1134

February 25, 2022
*CONFIDENTIAL*

Anna G. Phillips
Counsel
202.772.8550
APHILLIPS@STERNEKESSLER.COM

**Re:     TwinStrand Biosciences, Inc. et al. v. Guardant Health, Inc., No. 21-cv-1126-LPS (D. Del.)**

Dear Anna:

I write in response to your February 17, 2022 letter regarding the parties' February 4, 2022 meet and confer.  As a preliminary matter, we disagree with some elements of your summary as outlined below.  As we represented during the meet and confer, Guardant is working diligently to supplement its interrogatory responses.  Discovery is ongoing, and Guardant is not required to submit complete interrogatory responses at this time.

I also note that during the parties' February 15, 2022 meet and confer, you stated that you would provide a letter articulating the basis for which Plaintiffs contend that the documents sought in Plaintiffs' Second Set of Requests for Production are relevant.  Please let us know when you will have that letter drafted by so we can reach a timely resolution on those outstanding issues.

**I.     Guardant's general objections to certain defined terms are proper**

**a.   General Objection No. 16: LUNAR-2**

As we represented during the meet and confer, we are working diligently with Guardant to confirm whether the LUNAR-2, which has not been commercialized, has been used within the United States or imported into the United States.  Guardant has collected documents pertaining to the LUNAR-2.  If it is determined that the LUNAR-2 has been used in or imported into the United States, Guardant will promptly supplement its production and interrogatory responses to include the LUNAR-2.

**b.   General Objection No. 17: "Accused Services"**

As we stated during the meet and confer, the "Accused Services" were not accused in Plaintiffs' complaint and do not perform any genomic sequencing.  That said, Guardant has agreed to, and has indeed produced, documents pertaining to the Accused Services (*see i.e.* GH00006952 - GH00006989).  After reviewing those documents, if Plaintiffs can articulate a tenable basis for their infringement allegations against the "Accused Services," Guardant will revisit its objection.



Anna G. Phillips
February 25, 2022
Page Two

### c. General Objection No. 18: "Digital Sequencing Technology"

As we represented during the meet and confer, we are working diligently with our client to identify any information that related to "Digital Sequencing Technology." This is not a term that is currently used at Guardant, nor is it a term of art in the industry. Further, we requested clarification from Plaintiffs as to their definition of the term, which is ambiguous, vague, and overbroad. To date, Plaintiffs have offered no clarification or concrete definition.

### d. General Objection No. 19: "Error Correction Approaches For Next-Generation Sequencing"

As discussed during the meet and confer, "Error Correction Approaches For Next-Generation Sequencing," is neither a term used by Guardant, nor is it a term that is generally understood in the industry. The definition of the term provided in Plaintiff's discovery requests is unintelligibly broad and vague: "any solution, technique, technology, or method that, compared to a raw sequencing read for a given nucleic acid sequence, reduces the error rate, identifies a probable error, or identifies a probable mutation in any next-generation sequencing approach for sequencing polynucleotide molecules, and shall include, without limitation, error correction, error identification, error suppression, and variant identification solutions, techniques, technologies, and methods." As such, we requested that you provide clarification as to what you seek in response to requests and interrogatories directed to "Error Correction Approaches For Next-Generation Sequencing" which you have not done. If Plaintiffs' can provide a concrete definition of "Error Correction Approaches For Next-Generation Sequencing" or clarify what it is that they seek in response to requests and interrogatories directed to "Error Correction Approaches For Next-Generation Sequencing" Guardant will update its production and interrogatory responses. As currently defined, "Error Correction Approaches For Next-Generation Sequencing" is far too broad and vague for Guardant to identify responsive documents and provide interrogatory responses.

## II. Guardant's Responses to Plaintiffs' First Set of Interrogatories

### a. Interrogatory Nos. 9–13 and 15

Guardant repeatedly represented that it will supplement each of its interrogatory responses as it is able to. Now that discovery is underway, Guardant is able to supplement its responses to Interrogatories Nos. 9-13 and 15. Guardant will work diligently to supplement its responses by March 10, 2022, though it cannot guarantee that it will be able to do so by that date for all responses.

### b. Interrogatory Nos. 4 and 7



Anna G. Phillips
February 25, 2022
Page Three

Guardant is unclear as to what specificity Plaintiffs seek in response to Interrogatory No. 7. Guardant's Accused Products share common technology and Stefanie Mortimer and Bill Getty are knowledgeable as to all Accused Products.  Guardant will supplement its response to make this more apparent.  Please let us know what specificity Plaintiffs seek with respect to Guardant's identification of Stefanie Mortimer and Bill Getty so that Guardant may assess whether it will be able to provide such specificity.

**c.  Interrogatory No. 6**

Guardant is working diligently to identify information regarding its first awareness of each Asserted Patent.  Guardant will supplement its response to Interrogatory No. 6 when it has done so.

**d.  Interrogatory No. 14**

Guardant has confirmed that this was a typographical error and will supplement accordingly.

Best regards,

Monica De Lazzari

MID:

Exhibit E

**From:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>
**Sent:** Thursday, August 25, 2022 7:32 AM
**To:** Sasha Rao <SRao@sternekessler.com>; De Lazzari, Monica I. <Monica.DeLazzari@us.dlapiper.com>;
Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Scordino, Ellen <Ellen.Scordino@us.dlapiper.com>; Larson,
Erin <Erin.Larson@us.dlapiper.com>; Beale, Kristin <Kristin.Beale@us.dlapiper.com>; Fowler, Mark
<Mark.Fowler@us.dlapiper.com>; Sitzman, Mike <Michael.Sitzman@us.dlapiper.com>; Krumplitsch,
Susan <Susan.Krumplitsch@us.dlapiper.com>
**Cc:** Anna Phillips <aphillips@sternekessler.com>; TwinStrandUW <TwinStrandUW@sternekessler.com>;
Adam W. Poff <apoff@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** RE: TwinStrand v. Guardant - Joint Mtn for Teleconference

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Sasha,

Please find attached a revised draft joint letter. Despite the fact that the Guardant services are not
properly accused of infringement, Guardant has produced documents providing technical information
regarding the Guardant services, which demonstrate that the accused services do not perform the
claimed methods. That should moot the first issue you listed (production of core technical documents)
at a minimum. Based on the documents Guardant has now produced, if Plaintiffs are able to identify a
basis for infringement by the Guardant services via a supplementation of its infringement contentions,
Guardant is willing to consider a broader production. Plaintiffs have refused to do so, or to explain the
basis for their current contention that the Guardant services infringe the asserted claims.

We suggest that plaintiffs remove the first issue from the joint letter. In addition, we revised your
descriptions because they were argumentative and inaccurate (Guardant has not failed to produce core
technical documents regarding the accused services nor has it refused to produce accused services
documents altogether).

We also modified the possible hearing dates to reflect Guardant's availability. Please let us know if those
dates will not work for plaintiffs.

Best,
Jeff

**From:** Sasha Rao <SRao@sternekessler.com>
**Sent:** Monday, August 22, 2022 3:59 PM
**To:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; De Lazzari, Monica I.
<Monica.DeLazzari@us.dlapiper.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Scordino, Ellen
<Ellen.Scordino@us.dlapiper.com>; Larson, Erin <Erin.Larson@us.dlapiper.com>; Beale, Kristin
<Kristin.Beale@us.dlapiper.com>; Fowler, Mark <Mark.Fowler@us.dlapiper.com>; Sitzman, Mike
<Michael.Sitzman@us.dlapiper.com>; Krumplitsch, Susan <Susan.Krumplitsch@us.dlapiper.com>
**Cc:** Anna Phillips <aphillips@sternekessler.com>; TwinStrandUW <TwinStrandUW@sternekessler.com>;
Adam W. Poff <apoff@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** TwinStrand v. Guardant - Joint Mtn for Teleconference

⚠ EXTERNAL MESSAGE 

Jeff,

As previously discussed, attached is a draft joint motion for teleconference. Please insert Guardant's portion and return the draft by Wednesday, August 24. We hope to file the joint motion by August 25.

Also, we have not heard from Guardant regarding dates of availability for the status conference. As a result, we've inserted some dates, but please let us know if these dates do not work for Guardant.

Sincerely,

Sasha



**Sasha Rao**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
1100 New York Avenue, NW, Washington, DC 20005

**Email:** srao@sternekessler.com
**Direct:** 202.772.8733
**IP Assistant-TAG:** Britty Wise
**Main:** 202.371.2600   **Direct:** 202.772.8887

*Notice: The information in this electronic transmission (including any attachments) may contain confidential or legally privileged information and is intended solely for the individual(s) or entity(ies) named above. If you are not an intended recipient or an authorized agent, you are hereby notified that reading, distributing, or otherwise disseminating or copying, or taking any action based on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please immediately notify the sender by return email and then destroy all copies of the transmission.*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Exhibit F

**From:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>
**Sent:** Monday, September 26, 2022 1:45 PM
**To:** Anna Phillips <aphillips@sternekessler.com>; TwinStrandUW <TwinStrandUW@sternekessler.com>; Adam W. Poff <apoff@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Cc:** De Lazzari, Monica I. <Monica.DeLazzari@us.dlapiper.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Scordino, Ellen <Ellen.Scordino@us.dlapiper.com>; Larson, Erin <Erin.Larson@us.dlapiper.com>; Beale, Kristin <Kristin.Beale@us.dlapiper.com>; Fowler, Mark <Mark.Fowler@us.dlapiper.com>; Sitzman, Mike <Michael.Sitzman@us.dlapiper.com>; Krumplitsch, Susan <Susan.Krumplitsch@us.dlapiper.com>; Block, Tracy <Tracy.Block@us.dlapiper.com>
**Subject:** TwinStrand v. Guardant, No. 21-cv-01126-GWB-SRF - Discovery disputes

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

I am writing regarding Guardant's production of documents related to the Guardant services (Guardant Inform, Guardant Connect, Guardant Explore, and Guardant Companion). As you know, Guardant has already produced a number of documents related to the Guardant services. We have pointed those out to plaintiffs more than once in an effort to resolve the parties' disputes over production of documents related to the Guardant services and whether the Guardant services are properly accused.

Over the past weeks, in an effort to resolve one or more of the pending discovery disputes, Guardant has collected and has produced a substantial volume of additional documents related to the Guardant services. In addition, Guardant has produced additional documents from its prior collections that relate to the accused services. A table listing documents from Guardant's production related to the Guardant Services is attached. The listed documents include detailed information regarding what the services consist of, and how they are marketed and sold. This list is non-exhaustive, and does not include every single document containing a reference to the Guardant services; it is meant simply to provide a helpful guide to permit the parties to work toward resolution. If additional relevant and responsive documents are uncovered moving forward, they will be produced on a rolling basis.

To the extent the Guardant services documents refer to assays or test kits, those assays or test kits involve the same core technology as the accused products. In other words, any sequencing technology underlying the Guardant Services is the same as the technology in the accused products. For that reason, any technical information regarding the underlying test kits and sequencing technology has already been produced in connection with the technical production related to the accused products.

In view of Guardant's production, we would like to discuss narrowing the disputes the Court is set to take up on October 19. In particular, it is our position that plaintiffs' dispute – regarding production of core technical documents and other documents regarding the accused services – is now moot. In addition, we believe that the documents definitively establish that there is no basis to allege that the Guardant Inform and Guardant Connect services perform the methods set forth in the asserted claims, and should be removed from plaintiffs' contentions. If plaintiffs' disagree, we welcome the opportunity to discuss this week.

Additionally, in light of Guardant's production of documents related to the Guardant services and the fact that any underlying core technology is the same as the core technology used in the accused

products, we would also like to restart the discussion regarding case narrowing.  As set forth below, we propose a first reduction to 40 asserted claims by October 28, followed shortly thereafter by an invalidity narrowing to 20 references and 40 grounds.  The parties would make further phased reductions around final contentions (likely after a Markman ruling), and in the lead-up to trial.  If plaintiffs are amenable to considering this proposal, we will put together a stipulation and circulate shortly.  If not, we reserve our rights to seek earlier and/or more substantial reductions from the Court.

| | Key Case Deadlines | Guardant's Proposal | Plaintiffs' Counter-Proposal* | Guardant's Revised Proposal | Guardant's Further Revised Proposal |
|---|---|---|---|---|---|
| Jul-22 | | 30 claims/ 20 references/ 40 grounds | | | |
| Aug-22 | | | 80 claims | 40 claims/ 20 references/ 40 grounds | |
| Sep-22 | Doc. Prod. Complete | | | | |
| Oct-22 | Joint Markman Brief | | | | 40 claims/ 20 references/ 40 grounds |
| Nov-22 | | | | | |
| Dec-22 | Markman hearing | | | | |
| Jan-23 | | | | | |
| Feb-23 | Final Contentions/ Fact Discovery Cutoff | | 40 claims/ 10 references/ 10 grounds | 25 claims/ 12 references/ 25 grounds | 25 claims/ 12 references/ 25 grounds |
| Mar-23 | Opening Expert Reports | 20 claims/ 15 references/ 30 grounds | | | |
| Apr-23 | Rebuttal Expert Reports | | | | |
| May-23 | Reply Expert Reports | | | | |
| Jun-23 | SJ/Daubert Motions | | | | |
| Jul-23 | | | | | |
| Aug-23 | | | | | |
| Sep-23 | | 15 claims/ 12 references/ 25 grounds | 10 claims/ 10 references/ 6 grounds | 10 claims/ 10 references /15 grounds | 10 claims/ 10 references /15 grounds |

| Oct-23 | | | | | |
|--------|---|---|---|---|---|
| Nov-23 | Trial | | | | |

We look forward to your response.

Best,
Jeff

## Jeff Castellano (he, him, his)
Of Counsel

—————————————————

T  +1 302 468 5671
F   +1 302 691 4771
M  +1 570 814 9591
jeff.castellano@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Exhibit G

ORAL ORDER by Judge Leonard P. Stark: Having reviewed the parties letters and associated materials relating to protective order and discovery disputes (D.I. 61 - 64 ), IT IS HEREBY ORDERED that: (1) Defendants proposal with respect to experts copying portions of source code into their notes (see D.I. 62 Ex. A at 6.4(d)) is ADOPTED, as this provision will adequately protect Defendants highly valuable source code while still permitting Plaintiffs experts to adequately advise and assist their client (see generally D.I. 62 at 1) (GoPro is willing to allow CIPHs expert to review and take notes to summarize the functionalities implemented by the source code files based on the names of functions and comments embedded in the functions without copying the source code from the source code files.); and (2) Plaintiffs request to compel production of core technical documents sufficient to show how the accused products work is GRANTED, as such information must be produced pursuant to the scheduling order (D.I. 37 at 3), is required by Plaintiff in order for this case to proceed efficiently, and because Defendants decision not to produce any non-publicly available documentation and to limit its production only to documents directed to users is more unreasonable than Plaintiffs refusal to identify accused functionalities. IT IS FURTHER ORDERED that the parties shall submit a proposed protective order, consistent with todays Order, no later than July 8 and that Defendant shall produce the documentation ordered here no later than July 18. The teleconference scheduled for July 8 is CANCELLED. (rpg) (Entered: 07/06/2016)

As of July 7, 2016, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Contour IP Holding, LLC et al v. GoPro, Inc.*
1-15-cv-01108 (DED), 7/6/2016, docket entry 65

Exhibit H



**ANNA G. PHILLIPS**
Counsel
202.772.8550
APHILLIPS@STERNEKESSLER.COM

May 3, 2022

## CONTAINS HIGHLY CONFIDENTIAL INFORMATION

Monica De Lazzari                                                      *By Email*
DLA PIPER LLP (US)                                    *monica.delazzari@dlapiper.com*
2000 University Avenue
East Palo Alto, CA 94303-2215

     Re:    *TwinStrand Biosciences, Inc. et al. v. Guardant Health, Inc.*,
               No. 21-cv-1126-LPS (D. Del.)

Dear Monica:

I write regarding Guardant's (1) supplemental responses to Plaintiffs' First Set of Interrogatories, which still do not cure several deficiencies Plaintiffs formerly identified in their February 17 letter; and (2) certain responses to Plaintiffs' First Set of Requests for Production for Documents (Nos. 1–80), which suffer from the same issues plaguing Guardant's supplemental interrogatory responses.

Please confirm by **May 10, 2022**, that Guardant will supplement its discovery responses and document production to remedy the deficiencies identified below by **May 17, 2022**. Plaintiffs will consider any failure to respond by May 10 to indicate the parties are at an impasse. Plaintiffs reserve the right to raise additional issues as they continue to review Guardant's production and discovery responses.

**I.    Guardant's refusal to respond to discovery requests directed to Accused Services and failure to produce relevant documents.**

Plaintiffs have explained the relevancy of information concerning the Accused Services to its claims on several occasions, including most recently in their April 28, 2022 letter. Yet, Guardant continues to withhold documents relevant to the Accused Services and to exclude the Accused Services from its discovery responses. Guardant's continued refusal to satisfy its discovery obligations remains unjustified. Should Guardant fail to supplement its Interrogatory responses and produce documents relevant to the Accused Services, Plaintiffs have little recourse but to seek relief from the Court.

Monica De Lazzari
Page 2

### A.      Interrogatory Nos. 4 and 5

Guardant continues to exclude from its interrogatory responses information concerning the Accused Services. But, Guardant's limited document production shows that, at minimum, Guardant monetizes its Accused Services by relying on the same sequencing technology that is the subject of Plaintiffs' infringement allegations. Thus, information concerning the date and location wherein each Accused Service was first sold within the United States (i.e., Interrogatory No. 4), as well as information concerning the identity of the individuals most knowledgeable about these services (i.e., Interrogatory No. 5), is relevant to at least infringement and damages.

Further, during the parties' April 14 meet and confer, Guardant agreed to supplement Interrogatory No. 5 to indicate which of the individuals Guardant has identified is knowledgeable about each of categories (a), (b), and (c), as well as a more fulsome description of each individual's job responsibilities as they pertain to the Accused Products and Services.

Because these requests seek relevant information, Guardant must supplement its responses to these Interrogatories.

### B.      RFP Nos. 1–4, 6–10, 14–19, 29, 33, 34, 49, and 50 & Sales Figures.

In response to each of these document requests, Guardant represented that it would produce "all responsive documents … pertaining to … the Accused Services." Yet, during the parties' subsequent correspondence, Guardant seemed to suggest that it would produce documents pertaining to the Accused Services only to the extent to show that these services do not practice nucleic sequencing. This objection is meritless.

Please confirm that Guardant will produce all non-privileged documents responsive to RFP Nos. 1–4, 6–10, 14–19, 29, 33, 34, 49, and 50 pertaining to the Accused Services, and that it will not limit or otherwise withhold production of  documents based on any objection that Guardant believes the "Accused Services" do not practice nucleic sequencing.

To date, Guardant has also neglected to disclose any sales figures for the Accused Services. Paragraph 7(b) of the Scheduling Order (D.I. 20) required Guardant to produce "sales figures for the accused products" months ago, but Guardant has provided sales figures for only a few Accused Products—Guardant360 lab developed test ("LDT"), Guardant360 CDx ("CDx"), Guardant360 Response, Guardant360 TissueNext, and Guardant Reveal—but not all.

Guardant must produce sales figures for the following: GuardantOMNI ("Omni"), Guardant LUNAR-2, Guardant Connect, Guardant Inform, Guardant Companion, and Guardant Explore so that Guardant is in compliance with the Scheduling Order and Default Standard.

Please immediately produce updated sales figures through at least Q1 2022 for all Accused Products, including Accused Services.

Further, as noted in our April 28, 2022 letter, Guardant has not completed its core technical production of documents related to the Accused Services. Guardant must produce these documents immediately.

Monica De Lazzari
Page 3

## II.  Guardant's supplemental interrogatory responses to Interrogatory Nos. 9–13 are incomplete or deficient.

Interrogatories Nos. 9-13 seek the factual and legal basis for certain affirmative defenses asserted by Guardant. Yet, Guardant provides no substantive response to any of these interrogatories except, in some cases, to reference its deficient response to Interrogatory No. 8. Critically, however, Guardant's response to Interrogatory No. 8 does not factually or legally support several of Guardant's affirmative defenses, nor do they even address the '631 or '127 patents in any way.

As Plaintiffs explained in their February 17 letter, Plaintiffs are entitled to at least the information that formed Guardant's Rule 11 basis for these affirmative defenses.

### A.  Interrogatory No. 9

In its original Answer (D.I. 10), Guardant asserted in its Fourth Affirmative Defense that all four patents asserted by Plaintiffs were invalid for "failure to name the correct inventors pursuant to 35 U.S.C. **§ 116**." (emphasis added). Plaintiffs propounded a contention interrogatory seeking the factual and legal basis for this affirmative defense. Thereafter, Guardant filed an Amended Answer (D.I. 30), asserting exactly the same affirmative defense and relying again on **§ 116**.

Guardant's response to Plaintiffs' Interrogatory No. 8 (which Guardant incorporates in its response to Interrogatory No. 9) is directed, in part, to § 115, *not* § 116, as Guardant asserted. This inconsistency between Guardant's affirmative defenses and counterclaims merely highlights the insufficiency of the interrogatory responses where Guardant merely repeats allegations from its Counterclaims. If Guardant does not intend to pursue a defense under § 116, its response to Interrogatory No. 9 should reflect that.[1]

Please supplement your response to this Interrogatory immediately so that Plaintiffs may have accurate information regarding Guardant's affirmative defenses.

### B.  Interrogatory Nos. 10 and 12

Guardant's supplemental responses to Interrogatory Nos. 10 and 12 incorporate by reference its response to Interrogatory No. 8. But Guardant's allegations, as outlined in its response to Interrogatory No. 8, do not implicate the theories of standing (Rog No. 10) or the doctrines of "waiver and/or estoppel" (Rog No. 12). Guardant still has not provided any factual or legal basis supporting any of these affirmative defenses. Please supplement your responses to these Interrogatories immediately.

---

[1] Rather than acknowledge and correct its mistake, Guardant improperly passes the blame to Plaintiffs, noting that Guardant's response sets forth the basis for "Guardant's [fourth] affirmative defense … pursuant to 35 U.S.C. § 115 and … not "35 U.S.C. § 116" as written in Plaintiff's Interrogatory No. 9." The mistake (twice made) is not Plaintiffs, but Guardant's.

Monica De Lazzari
Page 4

Further, Guardant's improper inventorship allegations as outlined in Interrogatory No. 8 concern only the '699 and '951 patents. Please confirm that Guardant's affirmative defenses of standing and waiver and/or estoppel do not extend to the '631 or '127 patents.

### C.    Interrogatory No. 11

Guardant provides no substantive response in its supplementation to this interrogatory. Please provide a substantive response.

### D.    Interrogatory No. 13

Interrogatory No. 13 seeks the factual and legal basis for Guardant's Eighth Affirmative Defense, which asserts that Plaintiffs' Complaint is barred by the doctrine of unclean hands. To the extent Guardant's basis for this affirmative defense relies on its allegations of improper copying, these allegations, as noted above, do not address Plaintiffs' '631 or '127 patents.

Please confirm that these defenses do not extend to the '631 or '127 patents.

## III.   Guardant's objections to "Digital Sequencing Technology": RFP Nos. 2–11, 13–22, 29, 31–34, 39–46, 49, 50, 55–57, 69, 73, and 75.

Plaintiffs have propounded numerous discovery requests seeking documents pertaining to "Digital Sequencing Technology." *See, e.g.*, RFP Nos. 2–11, 13–22, 29, 31–34, 39–46, 49, 50, 55–57, 69, 73, and 75. In response to each of these discovery requests, Guardant refused to produce any responsive documents pertaining to "Digital Sequencing Technology," but acknowledged in its supplemental response to Interrogatory No. 2 that each of the Accused Products "incorporate Guardant's proprietary sequencing technology." Guardant's Supp. Resp. Interrogatory No. 2 (March 10, 2022). Guardant is not entitled to withhold discovery of relevant information based on recent changes in marketing or nomenclature. Please confirm that Guardant is not withholding documents responsive to RFP Nos. 2–11, 13–22, 29, 31–34, 39–46, 49, 50, 55–57, 69, 73, and 75 on the basis of its objection to the definition of "Digital Sequencing Technology." As Guardant concedes, the Accused Products "incorporate Guardant's proprietary sequencing technology," *see id.*, technology that was unquestionably formerly known as "Digital Sequencing Technology." Form 10-K (FY 2018), Guardant Health, Inc., https://www.sec.gov/Archives/edgar/data/1576280/000162828019003139/gh-12312018x10k.htm.

\*       \*       \*

We look forward to hearing from you on May 10, 2022.

Sincerely,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

ANNA G. PHILLIPS

# Exhibit I

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| TWINSTRAND BIOSCIENCES, INC., & UNIVERSITY OF WASHINGTON,<br><br>*Plaintiffs,*<br><br>v.<br><br>GUARDANT HEALTH, INC.,<br><br>*Defendant.* | Civil Action No. 1:21-cv-01126-LPS |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO GUARDANT (NOS. 1–16)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, Plaintiffs TwinStrand Biosciences, Inc. and the University of Washington (collectively, "Plaintiffs") hereby serve the following Interrogatories upon Defendant Guardant Health, Inc. ("Guardant"). Plaintiffs hereby request that Guardant answer the following Interrogatories by serving written responses within thirty days of service in accordance with Federal Rule of Civil Procedure 33. These Interrogatories are continuing, requiring supplementation to the extent required by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

The definitions set forth in Plaintiffs' First Set of Requests for Production of Documents and Things to Guardant (Nos. 1–80) are hereby incorporated by reference as if fully set forth herein.

## INSTRUCTIONS

1.    Each Interrogatory shall be answered separately and fully in writing. If any Interrogatory cannot be answered in full, it should be answered to the extent possible with an explanation as to why the remainder cannot be answered and a statement as to the nature of the information or knowledge that cannot be furnished.

2.      In answering these Interrogatories, all information is to be divulged that is in Guardant's possession, custody or control, or is known to Guardant, except for information for which a privilege is claimed.

3.      In answering each Interrogatory:

(a)      state whether the answer is within the personal knowledge of the person answering the Interrogatory and, if not, identify each person known to have personal knowledge of the answer; and

(b)      identify each document that was used in any way to formulate the answer.

4.      To the extent any Interrogatory is objected to on the ground that it is allegedly premature, Guardant should, without prejudice to its right under the Federal Rules to supplement its responses, answer the Interrogatory based on all information currently in Guardant's (including Guardant's attorneys, agents, investigators, representatives or anyone acting in cooperation or in concert with Guardant or on Guardant's behalf) possession, custody or control, or reasonably available to them through inquiry and all information believed by them to be true, including any reasonable estimates that can be made.

5.      To the extent that any Interrogatory is objected to on the basis of a claim of attorney-client privilege or work product immunity, please identify and state fully the nature and source of the claimed privileged or protected material and the basis for the claim of privilege or protection with sufficient particularity so that a motion to compel your answer may be brought on the basis of your objection. To the extent that any such privileged or protected material is incorporated in any documents, communications, or things, expressly set forth the specific claim of privilege or protection, and describe the documents, communications, or things in a manner that would enable Plaintiffs to assess the applicability of the privilege, including the following:

(a)      the nature and subject matter of the document, communication, or thing;

(b)      the date the document, communication, or thing was acquired or came into existence;

(c)      the author(s);

(d)      the addressee(s), recipient(s), copyholder(s), and other distributee(s);

(e)      the organization(s), if any, with which each author, addressee, recipient, copyholder, or distributor was then connected to and his or her job title or description; and

(f)      if a document, the number of pages.

6.      If any document responsive to any Interrogatory was, but is no longer in Guardant's possession or subject to its custody or control, state what disposition was made of the document and when, and explain the reasons for such disposition.

7.      If any document responsive to any Interrogatory has been destroyed, provide the following additional information as to each such document: (i) the date of destruction of the document; (ii) the reason for the destruction of the document; (iii) the identification of the person who destroyed the document; and (iv) the identification of the person who directed that the document be destroyed.

8.      If any Interrogatory cannot be answered in full, respond to the extent possible, specifying the reasons for the inability to respond to the remainder of the Interrogatory, and state whatever information or knowledge is available concerning the unanswered portion.

9.      Please provide estimated information when exact information cannot be supplied. Please designate any such estimated information as such and please set forth the basis, source or sources, and/or derivation of each estimate.

10.      To the extent any Interrogatory is objected to as overly broad or unduly burdensome, please set forth the factual basis for such claim, and set forth the more narrowly-defined basis, if any, on which you are prepared to respond or have responded to such Interrogatory.

11.     To the extent that any Interrogatory is objected to as vague or ambiguous, please identify the particular words, terms, or phrases that are asserted to make such Interrogatory vague or ambiguous, and specify the meaning attributed by you to such words, terms or phrases for purposes of your response to such Interrogatory.

12.     In the case of any document to be identified in response to any Interrogatory or part thereof, in lieu of identifying such document, you may attach a true and correct copy of the document, identifying the particular Interrogatory part or subpart in response to which it is being produced.

13.     In accordance with Federal Rule of Civil Procedure 26(e), Guardant must supplement any answer given to include information later acquired if Guardant discovers that the answer was incorrect or incomplete when made or, even though correct and complete when made, is no longer correct or complete.

14.     When an Interrogatory contains more than one part or sub-part, identify your answer (or the document produced in lieu thereof) by part or sub-part.

15.     Unless specifically limited in the body of the Interrogatory, these Interrogatories are not limited as to time or location, and therefore all responses to these Interrogatories should include information and documents that have originated in this or any other country.

16.     The Interrogatories set forth herein are submitted for the purposes of discovery in this action, and nothing in these Interrogatories should be construed as waiving rights or obligations which otherwise might be available to Plaintiffs, nor should any of these Interrogatories be deemed an admission of relevance, materiality, or admissibility of the information identified or requested.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Accused Product and Accused Service, identify all internal names, code names, project names, nicknames, or abbreviations for the product or service, as well any other designations used by You to refer to the product or service.

**INTERROGATORY NO. 2:**

Identify and describe each product or service that embodies or incorporates Digital Sequencing Technology, including all products or services that have been, are, will be, are planned to be, may be, or were considered to be manufactured, used, offered for sale or sold in the United States, or imported into the United States, by Guardant and any internal names, code names, project names, nicknames, or abbreviations for the product or service, as well any other designations used by You to refer to the product or service.

**INTERROGATORY NO. 3:**

Identify and describe each product or service that embodies or incorporates Error Correction Approaches For Next Generation Sequencing Technology, including all products or services that have been, are, will be, are planned to be, may be, or were considered to be manufactured, used, offered for sale or sold in the United States, or imported into the United States, by Guardant and any internal names, code names, project names, nicknames, or abbreviations for the product or service, as well any other designations used by You to refer to the product or service.

**INTERROGATORY NO. 4:**

Separately for each Accused Product and Accused Service and each product or service identified in response to Interrogatory Nos. 2 and 3, identify the date and location wherein the product or service was first (i) manufactured; (ii) used; (iii) offered for sale; (iv) sold within the United States; (v) performed; and (vi) imported into the United States.

**INTERROGATORY NO. 5:**

Separately for each Accused Product and Accused Service and each product or service identified in response to Interrogatory Nos. 2 and 3, identify the three persons most knowledgeable about each of the following, including for each person his or her name, title, and a brief description of the dates, nature, and extent of his or her involvement or knowledge relating to each product:

     a) design, research, development, manufacture, construction, assembly, and testing of each product or service;

     b) the operation, demonstration, use, instruction for use, training for use, and intended use of each product or service; and

     c) the sale, sale for importation into the United States, marketing, advertising, promotion, and distribution of each product or service.

**INTERROGATORY NO. 6:**

Identify the date when You first became aware of each Asserted Patent, the identity of all persons and entities involved, including how when and how each person or entity first became aware of each Asserted Patent, and all documents and communications relating thereto, including internal communications and communications with any third party.

**INTERROGATORY NO. 7:**

Identify the date and location where You (i) first began research and development activities regarding the Accused Products and Accused Services, (ii) first developed a prototype for each Accused Product, and (iii) first developed a commercial version of each Accused Product, and identify all persons and entities involved.

**INTERROGATORY NO. 8:**

Set forth and describe in detail the factual and legal basis for Your affirmative defense that "Guardant has not, does not, and will not directly or indirectly infringe any valid and enforceable claim of the [Asserted Patents] in any manner under 35 U.S.C. §§ 271(a), (b), (c), (f), and/or (g)

literally or under the doctrine of equivalents, willfully or otherwise."

**INTERROGATORY NO. 9:**

Set forth and describe in detail the factual and legal basis for Your affirmative defense that "one or more claims of the [Asserted Patents] are invalid for failure to name the correct inventors pursuant to 35 U.S.C. § 116 and/or the claims were derived from the inventions of others."

**INTERROGATORY NO. 10:**

Set forth and describe in detail the factual and legal basis for Your affirmative defense that "Plaintiffs lack standing to assert one or more of the Asserted Patents."

**INTERROGATORY NO. 11:**

Set forth and describe in detail the factual and legal basis for Your affirmative defense that "one or more claims of the [Asserted Patents] were limited by amendment, the prior art and/or by the statements made during prosecution before the PTO such that Plaintiffs are now estopped and/or otherwise precluded from maintaining that such claims of the [Asserted Patents] are of sufficient scope to cover the products accused of infringement in this case either literally or under the doctrine of equivalents."

**INTERROGATORY NO. 12:**

Set forth and describe in detail the factual and legal basis for Your affirmative defense that "Plaintiffs' Complaint is barred by the doctrines of waiver and/or estoppel due to Plaintiffs' actions before, during, and after prosecution of the Asserted Patents, and Plaintiffs' conduct before filing this action and in filing of this action."

**INTERROGATORY NO. 13:**

Set forth and describe in detail the factual and legal basis for Your affirmative defense that "Plaintiffs' Complaint is barred by the doctrine of unclean hands as a result of the acts, conduct, and omissions of Plaintiffs or others that are attributable to Plaintiffs before, during, and after

prosecution of the Asserted Patent and Plaintiffs' conduct before filing this action and in filing of this action."

## INTERROGATORY NO. 14:

Set forth and describe in detail the factual and legal basis for Your affirmative defense that "Plaintiffs' claims for damages are statutorily limited under 35 U.S.C. § 286 and 287"; "Plaintiffs are barred from recovering costs in connection with this action under 35 U.S.C. § 288"; and "Plaintiffs' claims for relief are limited by the doctrines of full compensation, exhaustion, first sale and Plaintiffs are not entitled to double recovery."

## INTERROGATORY NO. 15:

Set forth and describe in detail the factual and legal basis for Your affirmative defense that "Plaintiffs are not entitled to preliminary or permanent injunctive relief, *inter alia*, because any injury to Plaintiffs is not immediate nor irreparable, and Plaintiffs have an adequate monetary remedy for any claim that they can prove, subject to any applicable defense and/or set-off."

## INTERROGATORY NO. 16:

Set forth and describe in detail the factual and legal basis for Your affirmative defense that "Plaintiffs' claims for pre-suit damages are limited by any noncompliance with the marking and actual notice requirements set forth in 35 U.S.C. § 287(a)."

Dated: November 30, 2021

*Of Counsel:*

Byron Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
STERNE, KESSLER, GOLDSTEIN &
FOX P.L.L.C.
1100 New York Avenue, NW
Washington, DC 20005
(202) 371-2600
bpickard@sternekessler.com
tpowers@sternekessler.com
cvira@sternekessler.com

YOUNG CONAWAY STARGATT
   & TAYLOR, LLP

/s/ *Samantha G. Wilson*
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

*Counsel for Plaintiffs TwinStrand
Biosciences, Inc. and University of
Washington*

## <u>CERTIFICATE OF SERVICE</u>

I, Samantha G. Wilson, hereby certify that on November 30, 2021, I caused a true and correct copy of the foregoing document to be served on the following counsel in the manner indicated:

### <u>BY E-MAIL & HAND DELIVERY</u>

Brian A. Biggs
Erin E. Larson
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
brian.biggs@us.dlapiper.com
erin.larson@us.dlapiper.com

### <u>BY E-MAIL</u>

Ellen Scordino
Kristin Beale
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
ellen.scordino@us.dlapiper.com
kristin.beale@us.dlapiper.com

Mark Fowler
Susan Krumplitsch
Monica De Lazzari
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California 94303
mark.fowler@us.dlapiper.com
susan.krumplitsch@us.dlapiper.com
monica.delazzari@us.dlapiper.com

Michael Sitzman
DLA PIPER LLP (US)
555 Mission Street
Suite 2400
San Francisco, CA 94105
michael.sitzman@us.dlapiper.com

*Attorneys for Defendant Guardant Health, Inc.*

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

*/s/ Samantha G. Wilson*
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

*Attorneys for Plaintiffs TwinStrand*
*Biosciences, Inc. and University of*
*Washington*

2

Exhibit J

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TWINSTRAND BIOSCIENCES, INC., &
UNIVERSITY OF WASHINGTON,

        Plaintiffs and Counterclaim
        Defendants,

    v.

GUARDANT HEALTH, INC.,

        Defendant and Counterclaim
        Plaintiff.

C.A. No. 21-1126-LPS

**JURY TRIAL DEMANDED**

## DEFENDANT GUARDANT HEALTH, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-80)

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Guardant

Health, Inc. ("Guardant") hereby responds to Plaintiffs TwinStrand Biosciences, Inc., &

University of Washington's ("Plaintiffs") First Set of Requests for Production as follows:

## GENERAL STATEMENT AND OBJECTIONS

        1.      Guardant is committed to a reasonable, proportionate, and sensible discovery

process, consistent with the Court's Scheduling Order, the Federal Rules of Civil Procedure, the

Delaware Local Rules, and the E-Discovery Order entered in this litigation.  Guardant seeks to

work cooperatively with Plaintiffs on the appropriate scope and timing of productions to ensure

that the requested discovery is proportional to the needs of the case and to provide each side an

opportunity to develop the facts necessary to address their claims and defenses.  On their face,

many of Plaintiffs' requests for production take a different approach, seeking massive discovery

on wide-ranging topics, regardless of relevance or burden.  Furthermore, many of Plaintiffs'

requests are duplicative and repeat the same request with three variations.  As a result of

Plaintiffs' broad requests, Guardant provides the following objections and responses.

2.      Guardant objects to each request, definition, and instruction to the extent that it

seeks to impose duties or obligations on Guardant contrary to those set forth in the Federal Rules

of Evidence, the Federal Rules of Civil Procedure, the Delaware Local Rules, the Protective

Order, the Court's orders or any agreement reached between the parties including, but not limited

to, any orders or agreements governing the discovery of Electrically Stored Information ("ESI").

To the extent that a request requires, explicitly or implicitly, documents related to the

construction of one or more patent claim terms or Guardant's positions regarding non-

infringement or invalidity, core technical documents or emails, such a request is premature in

light of the Court's December 10, 2021 Scheduling Order, and ESI Order to be entered in this

case.

3.      The following responses are based on information available as of the date of these

responses.  Discovery is just beginning, and these responses are therefore subject to revision.  It

is anticipated that further discovery, investigation, and analysis may supply additional facts and

add meaning to known facts, as well as establish entirely new factual conclusions and legal

contentions, all of which may lead to substantial changes, additions, or variations to the

responses set forth herein.

4.      The following responses are given without prejudice to Guardant's right to

produce evidence of any subsequently discovered document or documents that Guardant may

later recall or produce.  Guardant accordingly reserves the right to change the responses herein as

additional facts are ascertained, analysis is made, legal research is completed, and contentions

are made.  The responses contained herein are made in a good faith effort to comply with the

provisions of F.R.C.P. 34, and to supply as much factual information as is presently known, but nothing in these responses shall limit Guardant's ability to conduct further investigation, research, or analysis, or to amend the responses as necessary at or before trial.

5.      In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, Guardant objects generally to each request to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine.  Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product doctrine, joint defense and/or common interest privilege or other applicable privileges or doctrines.

6.      Guardant further objects to each request to the extent that it seeks it seeks confidential or proprietary information pertaining to Guardant's business, trade secrets and/or economic relationships, or to the extent that it seeks confidential information which would impugn upon any protected right to privacy.  Guardant will provide such information subject to the Protective Order entered into by the Court.

7.      Guardant further objects to each request to the extent that it seeks information that contains confidential, proprietary or trade secret information of third parties.  Guardant will provide such information in response to such requests subject to the Protective Order entered by the Court, and any provision of any such information will be subject to any consent required by third parties.

8.      These responses are made solely for the purpose of discovery in this action. Nothing herein is intended to waive the following objections, which are expressly reserved: all objections as to competency, relevancy, authenticity, propriety, materiality and admissibility of

the subject matter of the requests; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any information provided in response to these requests; all objections on any ground to any request for further responses to these or other requests; and any and all other objections and grounds that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

9.      Guardant objects to each request, definition, and instruction to the extent that it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case.

10.     Guardant objects to each request to the extent that it requires Guardant to search for and reveal privileged information or communications from its or its attorneys' litigation files pertaining to the case.

11.     Guardant objects to each request to the extent that it seeks to impose an obligation to identify or search for documents or information at any location other than that at which they would be stored in the ordinary course of business.

12.     Guardant objects to each request to the extent that it is cumulative and duplicative of other forms of discovery that are more convenient and less burdensome.  Guardant further objects to each request to the extent that it seeks to require Guardant to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information or an inquiry of those persons who reasonably may be expected to possess responsive information.

13.     Guardant objects generally to the temporal scope of the requests as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that it does not contain any reasonable or appropriate temporal limitation.

14.     Guardant objects generally to these requests to the extent that they seek a legal conclusion or expert opinion.

15.     Guardant objects to each request to the extent it calls for information not within the possession, custody, or control of Guardant.  The responses given herein are based upon information reasonably available to Guardant.

16.     No incidental or implied admissions are intended by the responses herein. The fact that Guardant has answered or objected to any request should not be taken as an admission that Guardant accepts or admits the existence of any "facts" set forth or assumed by such request. The fact that Guardant has answered part or all of a request is not intended to be, and shall not be construed to be, a waiver by Guardant of any part or any objection to any request.

17.     Guardant objects generally to these requests to the extent that they seek information already in Plaintiffs' possession or that is equally available to Plaintiff from public sources.

18.     Guardant objects to the definition of the terms "Guardant," "Defendant," "You," and "Your" as overly broad and unduly burdensome to the extent that it includes Guardant's "predecessors, domestic or foreign divisions, departments, subsidiaries, parents, affiliates, and other legal entities that are wholly or partially owned or controlled by Guardant, either directly or indirectly, and each of its respective present or former directors, officers, employees, partners, agents, consultants, experts, representatives, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting on behalf of Guardant."  Guardant further

5

objects to the definition of the terms "Guardant," "Defendant," "You" and "Your" on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys. Guardant expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity. Guardant will construe these terms to mean Defendant Guardant Corporation.

19.     Guardant objects to the definition of the terms "third party" or "third parties" as overly broad.

20.     Guardant objects to the definition of the terms "third party" or "third parties" as overly broad.

21.     Guardant objects to the definition of the term "Illumina" as overly broad and ambiguous to the extent that it includes "any of its predecessors, and any of its subsidiaries, domestic or foreign divisions, departments, parents, affiliates, present or former directors, officers, employees, partners, agents, representatives, entities, acting in consort, joint-venture, or partnership relationship with them, and others acting on its behalf."

22.     Guardant objects to the definition of the terms "Asserted Patent(s)" as overly broad to the extent it includes any patents not identified in the Complaint (D.I. 1).

23.     Guardant objects to the definition of the terms "infringe," "infringed," and "infringement" overly broad, unduly burdensome, vague, ambiguous, seeking irrelevant information, and requiring a legal conclusion.

24.     Guardant objects to the definition of "prior art" as overly broad, unduly burdensome, vague, ambiguous, seeking irrelevant information, and requiring a legal conclusion.

25.     Guardant objects generally to the requests and to the definitions of the term "Accused Product(s)" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Guardant further objects to the definitions of these terms to the extent that they purport to cover products that are outside the scope of this action or products that were sold, shipped, and delivered outside the United States.  Guardant further objects to the definitions of these terms on the ground that they are vague and ambiguous.  Guardant objects to the definitions of these terms to the extent that they seek information concerning products that are not imported into or made, used, offered for sale or sold in the United States or products that are imported into or made, used, offered for sale or sold in the United States by an entity other than Guardant.  Guardant further objects to the definitions of these terms on the ground that they are overly broad as to time.  Guardant objects to the definition of the term "Accused Product(s)" to the extent it includes LUNAR-2 which is not made, used, offered for sale or sold in the United States.  Guardant will not produce any documents regarding any non-commercialized technology, and technology in development, including, but not limited to, LUNAR-2.  Guardant will construe "Accused Product(s)" to mean the Guardant360 lab developed test, Guardant360 CDx, GuardantOMNI, Guardant Reveal1, Guardant360 Response, and Guardant360 TissueNext.

26.     Guardant objects generally to the requests and to the definitions of the term "Accused Service(s)" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Guardant further objects to the definitions of these terms to the extent that they purport to cover products that are outside the scope of this action or products that were sold, shipped, and delivered outside the United States.  Guardant further objects to the definitions of these terms on the ground that they are vague and ambiguous.

Guardant objects to the definitions of these terms to the extent that they seek information concerning products that are not imported into or made, used, offered for sale or sold in the United States or products that are imported into or made, used, offered for sale or sold in the United States by an entity other than Guardant.  Guardant further objects to the definitions of these terms on the ground that they are overly broad as to time.  Guardant will construe "Accused Service(s)" to mean Guardant Connect and Guardant Inform.

27.     Guardant objects generally to the requests and to the definitions of the term "Digital Sequencing Technology" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and encompasses products not accused in this case.  Guardant further objects to the definitions of these terms to the extent that they purport to cover products that are outside the scope of this action or products that were sold, shipped, and delivered outside the United States.  Guardant further objects to the definitions of these terms on the ground that they are vague and ambiguous.  Guardant objects to the definitions of these terms to the extent that they seek information concerning products that are not imported into or made, used, offered for sale or sold in the United States or products that are imported into or made, used, offered for sale or sold in the United States by an entity other than Guardant.  Guardant further objects to the definitions of these terms on the ground that they are overly broad as to time.

28.     Guardant objects generally to the requests and to the definitions of the term "Error Correction Approaches For Next-Generation Sequencing" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and encompasses products not accused in this case.  Guardant further objects to the definitions of these terms to the extent that they purport to cover products that are outside the scope of this action or products that

were sold, shipped, and delivered outside the United States.  Guardant further objects to the
definitions of these terms on the ground that they are vague and ambiguous.  Guardant objects to
the definitions of these terms to the extent that they seek information concerning products that
are not imported into or made, used, offered for sale or sold in the United States or products that
are imported into or made, used, offered for sale or sold in the United States by an entity other
than Guardant.  Guardant further objects to the definitions of these terms on the ground that they
are overly broad as to time.

29.     Guardant objects to the definition of the term "TwinStrand Duplex Sequencing™
Technology" as overly broad, unduly burdensome and not reasonably calculated to lead to the
discovery of admissible evidence.

30.     Guardant objects generally to the requests and to the definitions of the term
"Guardant product(s) or service(s)" as overly broad, unduly burdensome and not reasonably
calculated to lead to the discovery of admissible evidence, and encompasses products not
accused in this case.  Guardant further objects to the definitions of these terms to the extent that
they purport to cover products that are outside the scope of this action or products that were sold,
shipped, and delivered outside the United States.  Guardant further objects to the definitions of
these terms on the ground that they are vague and ambiguous.  Guardant objects to the
definitions of these terms to the extent that they seek information concerning products that are
not imported into or made, used, offered for sale or sold in the United States or products that are
imported into or made, used, offered for sale or sold in the United States by an entity other than
Guardant.  Guardant further objects to the definitions of these terms on the ground that they are
overly broad as to time.

31.     Guardant objects to the definition of the term "document(s)" to the extent that it purports to impose burdens on Guardant greater than, inconsistent with, or not authorized by, the F.R.C.P., the Delaware Local Rules, the Court's orders, or any agreement regarding ESI reached between the parties and/or endorsed by the Court.  Guardant further objects to the definition of the term "document(s)" to the extent that it purports to include any transient messages, including but not limited to Slack messages.

32.     Guardant objects generally to these requests to the extent that they request production of or information regarding "any," "all," or "each" documents or agreements relating to a particular subject matter (either explicitly or implicitly) on the grounds that such a request is overly broad and unduly burdensome, and neither relevant nor proportional to the needs of the case.  Unless otherwise indicated Guardant will produce documents sufficient to show or disclose the requested information.

33.     Guardant objects to the definition of "identify" as overbroad and vague and ambiguous.

34.     Guardant objects to the definition of "sell" or "sold" as overbroad and vague and ambiguous.

35.     Guardant objects to the definition of "U.S." as overbroad.  Guardant will construe this term to mean the fifty states of the United States of America and the District of Columbia.

36.     Guardant objects to the definition of "proprietary information" as overbroad and vague and ambiguous.  Guardant further objects to this term on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine.

37.     The failure to include a general objection in any specific objection does not waive any general objection to that request.  Moreover, any statement of intent to provide information responsive to a particular request is not, and shall not be deemed, a representation that any such information exists or is in the possession, custody or control of Guardant.

38.     The General Statement and Objections shall be deemed to be incorporated in full to each response set forth below, and any statement of intent to produce information contained in any such response is subject to the limitations, objections and exceptions set forth herein.

Subject to the foregoing General Statement and Objections, Guardant responds as follows:

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify or describe all brands, models, product names, internal names, part numbers, and product numbers for each Accused Product and Accused Service, including any product or service that incorporates one or more of the Accused Products or Accused Services.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to the terms "Accused Product" and "Accused Service" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Defendant's possession, custody, or control. Guardant

11

objects to the phrase "identify or describe all brands, models, product names, internal names, part numbers, and product numbers" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to the phrase "including any product or service that incorporates one or more of the Accused Products or Accused Services" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All technical documentation sufficient to show the structure, design, functionality, or operation of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including but not limited to schematics, flowcharts, specifications, design documents, engineering drawings, customer drawings, production drawings, prototype drawings, presentation materials, parts lists, installation instructions, integration support materials, operation manuals, protocols, service manuals, maintenance manuals, parts manuals, data sheets, protocol conformance documents, requirement documents, bills of materials, component lists, testing reports, software, and Source Code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Defendant's possession, custody, or control. Guardant objects to the phrase "sufficient to show the structure, design, functionality, or operation" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify all Guardant products or services that embody or incorporate Digital Sequencing Technology or incorporate any Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to the terms "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it purports to request information pertaining to Guardant's activities outside of the United States. Guardant objects to this request to the extent it seeks information outside of Defendant's possession, custody, or control. Guardant objects to the phrase "products or services that embody or incorporate Digital Sequencing Technology or incorporate any Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, communications, and things related to the relationship between You, any entity, or person regarding the manufacture, use, offer for sale, or sale in the United States, or import into the United States of any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose.  Guardant objects to the phrases "regarding the manufacture, use, offer for sale, or sale in the United States, or import into the United States" and "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error

15

Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 5:

All documents and things related to any communications between You, any entity, or person regarding the infringement, or potential infringement, of any of the Asserted Patents by any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing.

16

Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrases "infringement, or potential infringement" and "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents, communications, and things related to any agreement, plan, contract, or negotiation for the research, design, development, manufacture, assembly, or testing of any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it purports to request information pertaining to Guardant's activities outside of the United States. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.  Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges,

protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any agreement, plan, contract, or negotiation for the research, design, development, manufacture, assembly, or testing of any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, communications, and things related to any agreement, plan, contract, or negotiation for the supply, sale, distribution, or use of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology,

or any Guardant product or service that incorporates or embodies Error Correction Approaches
For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Guardant objects to this request on the grounds set forth in the General Statement and
Objections above, and hereby incorporates these by reference as if fully set forth herein.
Guardant objects to this request on the ground that the request to produce "all" of the types of
documents that are listed renders this request overly broad, unduly burdensome and harassing.
Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing
Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly
broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the
extent it purports to seek information regarding products that are outside the scope of this case.
Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this
request to the extent it seeks information outside of Guardant's possession, custody, or control.
Guardant objects to this request to the extent it seeks to elicit information subject to and
protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or
common interest privilege, and/or any other applicable privileges, protections, or immunities and
will not produce privilege information in response to this request.  Guardant objects to this
request to the extent that it seeks disclosure of confidential information from third parties that
Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any
agreement, plan, contract, or negotiation for the supply, sale, distribution, or use of the Accused
Products, Accused Services, any Guardant product or service that incorporates or embodies
Digital Sequencing Technology, or any Guardant product or service that incorporates or
embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous,

overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, communications, and things related to any agreement, license, or contract concerning any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including but not limited to any indemnity obligations between You and a third party concerning the products and services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "things related to any agreement, license, or contract concerning any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including but not limited to any indemnity obligations between You and a third party concerning the products and services" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See

D.I. 20

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify any entity or person involved in the research, design, development, manufacture, assembly, or testing of each Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including without limitation any consultants or contractors retained by You or on Your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or

common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "any entity or person involved in the research, design, development, manufacture, assembly, or testing of each Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including without limitation any consultants or contractors retained by You or on Your behalf" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order. See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services sufficient to show identify the requested individuals that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, communications, and things related to the relationship between You, any entity, or any person regarding the research, design, development, manufacture, assembly, or

testing of any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "the relationship between You, any entity, or any person regarding the research, design, development, manufacture, assembly, or testing of any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or

service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 11:

All documents, communications, and things related to any testing, experiments, or studies conducted or overseen by third parties, including but not limited to the U.S. Food and Drug Administration, the U.S. Department of Health and Human Services, or the Centers for Disease Control, related to any Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "any testing, experiments, or studies conducted or overseen by third parties, including but not limited to the U.S. Food and Drug Administration, the U.S. Department of Health and Human Services, or the Centers for Disease Control, related to any Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are

outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the FDA approval for the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications related to any regulatory approval or clearance concerning any Accused Product or Accused Service, including but not limited to all documents exchanged or communications between You and the U.S. Food and Drug Administration or any other third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product" and "Accused Service" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.  Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest

privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "any regulatory approval or clearance concerning any Accused Product or Accused Service, including but not limited to all documents exchanged or communications between You and the U.S. Food and Drug Administration or any other third party" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request as duplicative of Request No. 13.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the FDA approval for the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications related to any regulatory approval or clearance concerning any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including but not limited to all documents exchanged or communications between You and the U.S. Food and Drug Administration or any other third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the terms "Digital Sequencing Technology," and "Error Correction

Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome,

and seeking irrelevant information, in particular to the extent it purports to seek information

regarding products that are outside the scope of this case. Guardant objects to this request to the

extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information

outside of Guardant's possession, custody, or control.  Guardant objects to this request to the

extent it seeks to elicit information subject to and protected by the attorney-client privilege, the

attorney work-product doctrine, joint defense or common interest privilege, and/or any other

applicable privileges, protections, or immunities and will not produce privilege information in

response to this request.  Guardant objects to this request to the extent that it seeks disclosure of

confidential information from third parties that Guardant is under an obligation not to disclose.

Guardant objects to the phrase "related to any regulatory approval or clearance concerning any

Guardant product or service that incorporates or embodies Digital Sequencing Technology, or

any Guardant product or service that incorporates or embodies Error Correction Approaches For

Next-Generation Sequencing, including but not limited to all documents exchanged or

communications between You and the U.S. Food and Drug Administration or any other third

party" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the

phrase "any Guardant product or service that incorporates or embodies Digital Sequencing

Technology, or any Guardant product or service that incorporates or embodies Error Correction

Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly

burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request as duplicative of Request No. 12.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the FDA approval for the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, communications, and things related to requests made by customers, distributors, dealers, sales representatives, or end-users regarding the functionality, composition, or operation of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case.

Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to requests made by customers, distributors, dealers, sales representatives, or end-users regarding the functionality, composition, or operation of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:**

All documents, communications, and things related to Your decision, strategy, motivation, reason, or goal to manufacture, use, offer for sale, or sell in the United States, or import into the United States of any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that

33

Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to Your decision, strategy, motivation, reason, or goal to manufacture, use, offer for sale, or sell in the United States, or import into the United States of any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

Your quarterly and annual financial statements or reports, including all 10-Ks, 8-Ks, proxy statements, and 10-Qs, for every year since 2014, including documents sufficient to show the dollar value and units of monthly U.S. sales of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks publicly available information.  Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrases "quarterly and annual financial statements or reports" and "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous,

overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request to the extent it seeks documents not maintained in the ordinary course of business. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services from the issue date of the first Asserted Patent to issue that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show Your total and U.S. revenue, gross revenue, profits and losses, on quarterly basis, that is attributable to the sale of each Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, and any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this

request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "Your total and U.S. revenue, gross revenue, profits and losses, on quarterly basis, that is attributable to the sale of each Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, and any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services from the issue date of the first Asserted Patent to issue that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show the variable costs, fixed costs, and expense reporting associated with each Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, and any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "variable costs, fixed costs, and expense reporting associated with each Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, and any Guardant product or service that incorporates or embodies Error Correction Approaches For

Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.

Guardant objects to the phrase "any Guardant product or service that incorporates or embodies

Digital Sequencing Technology, or any Guardant product or service that incorporates or

embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous,

overly broad and unduly burdensome, and seeking information regarding products that are

outside the scope of this case.  Guardant objects to this request on the grounds that it is

premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

will produce responsive, non-privileged documents, if any, in its possession, custody or control,

pertaining to the Accused Products and Accused Services from the issue date of the first

Asserted Patent to issue that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to identify any performance-based awards conditioned on the

financial performance of any of the Accused Products, Accused Services, any Guardant product

or service that incorporates or embodies Digital Sequencing Technology, or any Guardant

product or service that incorporates or embodies Error Correction Approaches For Next-

Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing

Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly

broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the

extent it purports to seek information regarding products that are outside the scope of this case.

Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this

request to the extent it seeks information outside of Guardant's possession, custody, or control.

Guardant objects to this request to the extent it seeks to elicit information subject to and

protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or

common interest privilege, and/or any other applicable privileges, protections, or immunities and

will not produce privilege information in response to this request.  Guardant objects to this

request to the extent that it seeks disclosure of confidential information from third parties that

Guardant is under an obligation not to disclose. Guardant objects to the phrase "performance-

based awards conditioned on the financial performance of any of the Accused Products, Accused

Services, any Guardant product or service that incorporates or embodies Digital Sequencing

Technology, or any Guardant product or service that incorporates or embodies Error Correction

Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly

burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates

or embodies Digital Sequencing Technology, or any Guardant product or service that

incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as

vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding

products that are outside the scope of this case.  Guardant objects to this request on the grounds

that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See

D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

will produce responsive, non-privileged documents, if any, in its possession, custody or control,

pertaining to the Accused Products and Accused Services from the issue date of the first

Asserted Patent to issue that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

All business plans, including but not limited to strategic plans, operating plans, marketing plans, financial plans, production plans, and sales plans, relating to any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "business plans, including but not limited to strategic

41

plans, operating plans, marketing plans, financial plans, production plans, and sales plans, relating to any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify any person or entity with whom You had, have, will have, plan to have, or considered having an agreement to sell, supply, distribute, import, or use the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology in the United States, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "any person or entity with whom You had, have, will have, plan to have, or considered having an agreement to sell, supply, distribute, import, or use the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology in the United States, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for

disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents, communications, and things related to any comparison, as a whole or by any component, feature, or function, of any Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing to any product or service that incorporates or embodies a solution, technique, technology, or method that reduces the error rate for any next-generation sequencing approach of sequencing polynucleotide molecules developed, promoted, or commercialized by TwinStrand, including, but not limited to, any teardowns, copying, reverse engineering, laboratory notebooks, results, analyses, strategic plans, operating plans, sales plans, production plans, marketing materials, test reports, or test data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case.

Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any comparison, as a whole or by any component, feature, or function, of any Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing to any product or service that incorporates or embodies a solution, technique, technology, or method that reduces the error rate for any next-generation sequencing approach of sequencing polynucleotide molecules developed, promoted, or commercialized by TwinStrand, including, but not limited to, any teardowns, copying, reverse engineering, laboratory notebooks, results, analyses, strategic plans, operating plans, sales plans, production plans, marketing materials, test reports, or test data." as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 23:**

All documents, communications, and things related to any agreement, plan, contract, or negotiation for any testing, study, or experiment concerning any product or service that incorporates or embodies a solution, technique, technology, or method that reduces the error rate for any next-generation sequencing approach of sequencing polynucleotide molecules developed, promoted, or commercialized by TwinStrand, including TwinStrand Duplex Sequencing$^{TM}$ Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any agreement, plan, contract, or negotiation for any testing, study, or experiment concerning any product or service that incorporates or embodies a solution, technique, technology, or method that reduces the error rate for any next-generation sequencing approach of sequencing polynucleotide molecules developed,

promoted, or commercialized by TwinStrand, including TwinStrand Duplex Sequencing$^{TM}$

Technology" as vague, ambiguous, overly broad and unduly burdensome and seeking irrelevant

information, in particular to the extent it purports to seek information regarding products that are

outside the scope of this case.  Guardant objects to this request on the grounds that it is

premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents, communications, and things related to any testing, experiments, or studies

concerning any product or service that incorporates or embodies a solution, technique,

technology, or method that reduces the error rate for any next-generation sequencing approach of

sequencing polynucleotide molecules developed, promoted, or commercialized by TwinStrand,

including TwinStrand Duplex Sequencing$^{TM}$ Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this

request to the extent it seeks to elicit information subject to and protected by the attorney-client

privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or

any other applicable privileges, protections, or immunities and will not produce privilege

information in response to this request.  Guardant objects to this request to the extent that it seeks

disclosure of confidential information from third parties that Guardant is under an obligation not

to disclose. Guardant objects to the phrase "related to any testing, experiments, or studies

concerning any product or service that incorporates or embodies a solution, technique,

technology, or method that reduces the error rate for any next-generation sequencing approach of

sequencing polynucleotide molecules developed, promoted, or commercialized by TwinStrand,

including TwinStrand Duplex Sequencing$^{TM}$ Technology" as vague, ambiguous, overly broad

and unduly burdensome and seeking irrelevant information, in particular to the extent it purports

to seek information regarding products that are outside the scope of this case.  Guardant objects

to this request on the grounds that it is premature in view of the timetable for disclosures set forth

in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 25:**

All documents, communications, and things related to any study, cost-benefit analysis,

or evaluation concerning copying or reverse-engineering any product or service that

incorporates or embodies a solution, technique, technology, or method that reduces the error

rate for any next-generation sequencing approach of sequencing polynucleotide molecules

developed, promoted, or commercialized by TwinStrand, including TwinStrand Duplex

Sequencing$^{TM}$ Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this

request to the extent it seeks to elicit information subject to and protected by the attorney-client

privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or

any other applicable privileges, protections, or immunities and will not produce privilege

information in response to this request.  Guardant objects to this request to the extent that it seeks

disclosure of confidential information from third parties that Guardant is under an obligation not

to disclose. Guardant objects to the phrase "related to any study, cost-benefit analysis, or

evaluation concerning copying or reverse-engineering any product or service that incorporates or

embodies a solution, technique, technology, or method that reduces the error rate for any next-

generation sequencing approach of sequencing polynucleotide molecules developed, promoted, or

commercialized by TwinStrand, including TwinStrand Duplex Sequencing$^{TM}$ Technology" as

vague, ambiguous, overly broad and unduly burdensome and seeking irrelevant information, in

particular to the extent it purports to seek information regarding products that are outside the

scope of this case.  Guardant objects to this request on the grounds that it is premature in view of

the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

## REQUEST FOR PRODUCTION NO. 26:

All documents, communications, and things related to any product or service that

incorporates or embodies a solution, technique, technology, or method that reduces the error rate

for any next-generation sequencing approach of sequencing polynucleotide molecules developed,

promoted, or commercialized by TwinStrand, including TwinStrand Duplex Sequencing™ Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any product or service that incorporates or embodies a solution, technique, technology, or method that reduces the error rate for any next-generation sequencing approach of sequencing polynucleotide molecules developed, promoted, or commercialized by TwinStrand, including TwinStrand Duplex Sequencing™ Technology" as vague, ambiguous, overly broad and unduly burdensome and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents, communications, and things related to any publication, report, or article concerning any solution, technique, technology, or method that reduces the error rate for any next-generation sequencing approach of sequencing polynucleotide molecules developed, promoted, or commercialized by TwinStrand, including TwinStrand Duplex Sequencing[TM] Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any publication, report, or article concerning any solution, technique, technology, or method that reduces the error rate for any next-generation sequencing approach of sequencing polynucleotide molecules developed, promoted, or commercialized by TwinStrand, including TwinStrand Duplex Sequencing[TM] Technology" as vague, ambiguous, overly broad and unduly burdensome and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are

outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

## REQUEST FOR PRODUCTION NO. 28:

All documents, communications, and things related to any marketing, advertising, or promotional material concerning any solution, technique, technology, or method that reduces the error rate for any next-generation sequencing approach of sequencing polynucleotide molecules developed, promoted, or commercialized by TwinStrand, including TwinStrand Duplex Sequencing$^{TM}$ Technology.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any marketing, advertising, or promotional material concerning any solution, technique, technology, or method that reduces the error rate for

any next-generation sequencing approach of sequencing polynucleotide molecules developed, promoted, or commercialized by TwinStrand, including TwinStrand Duplex Sequencing™ Technology" as vague, ambiguous, overly broad and unduly burdensome and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 29:**

All documents, communications, and things related to the marketing, advertising, or promotion of any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including but not limited to advertisements, sales literature, brochures, catalogs, catalog sheets, bulletins, trade letters, press releases, circulars or audio or video media that have been, are, will be, are planned to be, may be, or were considered to be used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly

broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to the phrase "related to the marketing, advertising, or promotion of any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including but not limited to advertisements, sales literature, brochures, catalogs, catalog sheets, bulletins, trade letters, press releases, circulars or audio or video media that have been, are, will be, are planned to be, may be, or were considered to be used" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable

search.

## REQUEST FOR PRODUCTION NO. 30:

All documents and communications related to Guardant's formation, including but not limited to corporate formation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to Guardant's formation, including but not limited to corporate formation" as vague, ambiguous, overly broad and unduly burdensome, and seeking information that is not reasonably calculated to lead to any admissible evidence in this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 31:**

All documents, communications, and things related to the research and development of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including all products or services that have been, are, will be, are planned to be, may be, or were considered to be manufactured, used, offered for sale, or sold in the United States, or imported into the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this

request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "research and development of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including all products or services that have been, are, will be, are planned to be, may be, or were considered to be manufactured, used, offered for sale, or sold in the United States, or imported into the United States" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 32:**

All documents, communications, and things sent to or received from any third party, including but not limited to Illumina, related to the research and development of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including all products or services that have been, are, will be, are planned to be, may be, or were considered to be

manufactured, used, offered for sale, or sold in the United States, or imported into the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "sent to or received from any third party, including but not limited to Illumina, related to the research and development of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing,

including all products or services that have been, are, will be, are planned to be, may be, or were considered to be manufactured, used, offered for sale, or sold in the United States, or imported into the United States" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 33:**

All documents, communications, and things comprising, reflecting, or discussing the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including but not limited to advertisements, website content, sales literature, brochures, catalogs, catalog sheets, bulletins, trade letters, press releases, circulars, or audio or video media that have been, are, will be, are planned to be, may be, or were considered to be used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "comprising, reflecting, or discussing the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including but not limited to advertisements, website content, sales literature, brochures, catalogs, catalog sheets, bulletins, trade letters, press releases, circulars, or audio or video media that have been, are, will be, are planned to be, may be, or were considered to be used" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly

burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

All documents or communications relating to any symposium, speech, presentation, convention, seminar, paper, publication, or article related to the Accused Products, Accused Services, Digital Sequencing Technology or any product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.

Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "relating to any symposium, speech, presentation, convention, seminar, paper, publication, or article related to the Accused Products, Accused Services, Digital Sequencing Technology or any product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

All documents, communications, and things related to any correspondence with the Office of the Attorney General for the State of Washington, or any other governmental body, pertaining to TwinStrand or the University of Washington regarding the Asserted Patents or

any patent or patent application related by priority to the Asserted Patents, including but without limitation, licensing agreements or other propriety interest related to Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the term "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects generally to this request to the extent that it seeks information already in Plaintiffs' possession or that is equally available to Plaintiff from public sources.. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase

"related to any correspondence with the Office of the Attorney General for the State of Washington, or any other governmental body, pertaining to TwinStrand or the University of Washington regarding the Asserted Patents or any patent or patent application related by priority to the Asserted Patents, including but without limitation, licensing agreements or other propriety interest related to Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

## REQUEST FOR PRODUCTION NO. 36:

Any documents, communications, and things reflecting any valuation of TwinStrand or the Asserted Patents by You, including Your employees or agents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that

Guardant is under an obligation not to disclose. Guardant objects to the phrase "reflecting any valuation of TwinStrand or the Asserted Patents by You, including Your employees or agents" as vague, ambiguous, overly broad and unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of any admissible evidence in this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 37:**

All documents, communications, and things related to communications between University of Washington and You regarding Error Correction Approaches For Next-Generation Sequencing, including methods for lowering error frequency during next-generation deep sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to the term "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects generally to

this request to the extent that it seeks information already in Plaintiffs' possession or that is equally available to Plaintiff from public sources. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "reflecting any valuation of TwinStrand or the Asserted Patents by You, including Your employees or agents" as vague, ambiguous, overly broad and unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of any admissible evidence in this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents, communications, and things related to communications between University of Washington and Helmy Eltoukhy or AmirAli Talasaz regarding Error Correction Approaches For Next-Generation Sequencing, including methods for lowering error frequency during next-generation deep sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to the term "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it seeks to elicit information subject to and

protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects generally to this request to the extent that it seeks information already in Plaintiffs' possession or that is equally available to Plaintiff from public sources. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to communications between University of Washington and Helmy Eltoukhy or AmirAli Talasaz regarding Error Correction Approaches For Next-Generation Sequencing, including methods for lowering error frequency during next-generation deep sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of any admissible evidence in this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

### REQUEST FOR PRODUCTION NO. 39:

All documents exchanged or communications between Helmy Eltoukhy and You, including any employee or agent of Yours, concerning Digital Sequencing Technology or Error Correction Approaches For Next-Generation Sequencing prior to January 1, 2014.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request to the extent it purports to extend to a time period outside of the relevant time period for this case. Guardant objects to this request to the extent it seeks

information outside of Guardant's possession, custody, or control.  Guardant objects to the terms "Digital Sequencing Technology" or "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "between Helmy Eltoukhy and You, including any employee or agent of Yours, concerning Digital Sequencing Technology or Error Correction Approaches For Next-Generation Sequencing prior to January 1, 2014" as vague, ambiguous, overly broad and unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of any admissible evidence in this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents exchanged or communications between Helmy Eltoukhy and any third-party concerning Digital Sequencing Technology or Error Correction Approaches For Next-Generation Sequencing prior to January 1, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Guardant objects to this request on the grounds set forth in the General Statement

and Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the terms  "Digital Sequencing Technology," and "Error Correction

Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome,

and seeking irrelevant information, in particular to the extent it purports to seek information

regarding products that are outside the scope of this case. Guardant objects to this request to the

extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information

outside of Guardant's possession, custody, or control.  Guardant objects to this request to the

extent it seeks to elicit information subject to and protected by the attorney-client privilege, the

attorney work-product doctrine, joint defense or common interest privilege, and/or any other

applicable privileges, protections, or immunities and will not produce privilege information in

response to this request.  Guardant objects to this request to the extent that it seeks disclosure of

confidential information from third parties that Guardant is under an obligation not to disclose.

Guardant objects to the phrase "between Helmy Eltoukhy and any third-party concerning Digital

Sequencing Technology or Error Correction Approaches For Next-Generation Sequencing prior

to January 1, 2014" as vague, ambiguous, overly broad and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 41:**

All communications between Helmy Eltoukhy and AmirAli Talasaz, Dr. Frank Steemers,

or Michael Wiley related to You, Digital Sequencing Technology, or Error Correction

Approaches For Next-Generation Sequencing prior to January 1, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request to the extent it purports to extend to a time period outside of the relevant time period for this case. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.  Guardant objects to the terms "Digital Sequencing Technology" or "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "between Helmy Eltoukhy and AmirAli Talasaz, Dr. Frank Steemers, or Michael Wiley related to You, Digital Sequencing Technology, or Error Correction Approaches For Next-Generation Sequencing prior to January 1, 2014" as vague, ambiguous, overly broad and unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of any admissible evidence in this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 42:**

All documents provided by Helmy Eltoukhy, AmirAli Talasaz, Dr. Frank Steemers, or Michael Wiley to You or by You to Helmy Eltoukhy AmirAli Talasaz, Dr. Frank Steemers, or Michael Wiley prior to January 1, 2014 related to Digital Sequencing Technology or Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request to the extent it purports to extend to a time period outside of the relevant time period for this case. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.  Guardant objects to the terms "Digital Sequencing Technology" or "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "provided by Helmy Eltoukhy, AmirAli Talasaz, Dr. Frank Steemers, or Michael Wiley to You or by You to Helmy Eltoukhy AmirAli Talasaz, Dr. Frank Steemers, or Michael Wiley prior to January 1, 2014 related to Digital Sequencing Technology or Error Correction

71

Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly

burdensome, and seeking information not reasonably calculated to lead to the discovery of any

admissible evidence in this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 43:**

All emails between or among the personal or business email accounts of Helmy

Eltoukhy and AmirAli Talasaz relating to You, Digital Sequencing Technology, or Error

Correction Approaches For Next-Generation Sequencing prior to January 1, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request to the extent it purports to extend to a time period outside of the

relevant time period for this case. Guardant objects to this request to the extent it seeks

information outside of Guardant's possession, custody, or control.  Guardant objects to the terms

"Digital Sequencing Technology" or "Error Correction Approaches For Next-Generation

Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant

information, in particular to the extent it purports to seek information regarding products that are

outside the scope of this case. Guardant objects to this request to the extent it seeks to elicit

information subject to and protected by the attorney-client privilege, the attorney work-product

doctrine, joint defense or common interest privilege, and/or any other applicable privileges,

protections, or immunities and will not produce privilege information in response to this request.

Guardant objects to this request to the extent that it seeks disclosure of confidential information

from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "between or among the personal or business email accounts of Helmy Eltoukhy and AmirAli Talasaz relating to You, Digital Sequencing Technology, or Error Correction Approaches For Next-Generation Sequencing prior to January 1, 2014" as vague, ambiguous, overly broad and unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of any admissible evidence in this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents, communications, and things distributed or otherwise disseminated by You, including any employee or agent of Yours, to one or more of Your shareholders concerning the Accused Products, Accused Services, Digital Sequencing Technology, or Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this

request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "documents, communications, and things distributed or otherwise disseminated by You, including any employee or agent of Yours, to one or more of Your shareholders concerning the Accused Products, Accused Services, Digital Sequencing Technology, or Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order. See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents, communications, and things related to any presentations that You made to investors or potential investors concerning the Accused Products, Accused Services, Digital Sequencing Technology, or Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "documents, communications, and things related to any presentations that You made to investors or potential investors concerning the Accused Products, Accused Services, Digital Sequencing Technology, or Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation

Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

## REQUEST FOR PRODUCTION NO. 46:

All communications between You and the U.S. Patent & Trademark Office or any foreign patent office regarding the Accused Products, Accused Services, Digital Sequencing Technology, or Error Correction Approaches For Next-Generation Sequencing, including but not limited to all attachments to such communications or other documents and things transmitted to the patent office(s) in connection with such prosecutions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.

Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "communications between You and the U.S. Patent & Trademark Office or any foreign patent office regarding the Accused Products, Accused Services, Digital Sequencing Technology, or Error Correction Approaches For Next-Generation Sequencing, including but not limited to all attachments to such communications or other documents and things transmitted to the patent office(s) in connection with such prosecutions" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will not produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 47:</u>**

All documents, communications, and things related to any effort, plan, strategy, proposition, overture, or proposal considered or effectuated by You to acquire any ownership interest in or other rights to TwinStrand, including but not limited to all term sheets, reports,

memoranda, analyses, meeting minutes, and any valuations of TwinStrand, the Asserted Patents, or any patent or patent application related by priority to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.  Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects generally to this request to the extent that it seeks information already in Plaintiffs' possession or that is equally available to Plaintiff from public sources. Guardant objects to the phrase "related to any effort, plan, strategy, proposition, overture, or proposal considered or effectuated by You to acquire any ownership interest in or other rights to TwinStrand, including but not limited to all term sheets, reports, memoranda, analyses, meeting minutes, and any valuations of TwinStrand, the Asserted Patents, or any patent or patent application related by priority to the Asserted Patents" as vague,

ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the

grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling

Order.  See D.I. 20. Guardant objects to this request to the extent it calls for an expert and legal

conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 48:**

All documents, communications, and things related to any effort, plan, strategy,

proposition, overture, or proposal to license or otherwise acquire an interest in any proprietary

technology owned, licensed, or possessed by TwinStrand, including but not limited to all term

sheets, reports, memoranda, analyses, meeting minutes, and any valuations of the Asserted

Patents or any patent or patent application related by priority to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome,

and seeking irrelevant information, to the extent it purports to include any patents not asserted in

the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant

objects to this request to the extent it seeks information outside of Guardant's possession,

custody, or control. Guardant objects generally to this request to the extent that it seeks

information already in Plaintiffs' possession or that is equally available to Plaintiff from public

sources. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any effort, plan, strategy, proposition, overture, or proposal to license or otherwise acquire an interest in any proprietary technology owned, licensed, or possessed by TwinStrand, including but not limited to all term sheets, reports, memoranda, analyses, meeting minutes, and any valuations of the Asserted Patents or any patent or patent application related by priority to the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 49:**

All documents, communications, and things related to the market for, market analysis of, and market demand for any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects generally to this request to the extent that it seeks information already in Plaintiffs' possession or that is equally available to Plaintiff from public sources. Guardant objects to the phrase "related to the market for, market analysis of, and market demand for any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.

Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show all competitors in the market for each Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this

request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects generally to this request to the extent that it seeks information already in Plaintiffs' possession or that is equally available to Plaintiff from public sources. Guardant objects to the phrase "all competitors in the market for each Accused Product, Accused Service, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it requests a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the Accused Products and Accused Services that can be located after a reasonable

search.

## **REQUEST FOR PRODUCTION NO. 51:**

All documents, communications, and things relating to or referring to any of the Asserted Patents or the prosecution of the Asserted Patents including any patent or patent application related by priority to the Asserted Patents.

## **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects generally to this request to the extent that it seeks information already in Plaintiffs' possession or that is equally available to Plaintiff from public sources. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "relating to or referring to any of the Asserted Patents or the prosecution of the Asserted Patents including any

patent or patent application related by priority to the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it calls for an expert and legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 52:

All documents and things related to any communications between You and any third party regarding the Asserted Patents, the prosecution of the Asserted Patents, or any patent or patent application related by priority to the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or

immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "between You and any third party regarding the Asserted Patents, the prosecution of the Asserted Patents, or any patent or patent application related by priority to the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and things related to any communications between You and Helmy Eltoukhy and AmirAli Talasa regarding the Asserted Patents, the prosecution of the Asserted Patents, or any patent or patent application related by priority to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant

objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "any communications between You and Helmy Eltoukhy and AmirAli Talasa regarding the Asserted Patents, the prosecution of the Asserted Patents, or any patent or patent application related by priority to the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and things related to any internal communications regarding the Asserted Patents or the prosecution of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any internal communications regarding the Asserted Patents or the prosecution of the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it calls for an expert or legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 55:**

All documents, communications, and things related to or referring to any freedom to operate or infringement or invalidity analysis, freedom to operate analysis, evaluation, study, due diligence, report, or opinion regarding any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or

any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrases "infringement, or potential infringement" and "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to the phrase "related to or referring to

any freedom to operate or infringement or invalidity analysis, freedom to operate analysis, evaluation, study, due diligence, report, or opinion regarding any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it calls for an expert or legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 56:**

All documents, communications, and things related to or referring to any analysis, evaluation, study, due diligence, freedom to operate, report, or opinion as to whether or not any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing infringes any claim of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "referring to any analysis, evaluation, study, due diligence, freedom to operate, report, or opinion as to whether or not any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing infringes any claim of the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "related to or referring to any freedom to operate or infringement or invalidity analysis, freedom to operate analysis, evaluation, study, due diligence, report, or opinion regarding any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and

seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it calls for an expert or legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 57:**

All documents, communications, and things related to whether any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing have non-infringing uses as related to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.

Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrases "related to whether any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing have non-infringing uses as related to the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order. See D.I. 20. Guardant objects to this request to the extent it calls for an expert or legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 58:

All documents, communications, and things related to any patent search or the results of any patent search relating to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects generally to this request to the extent that it seeks information already in Plaintiffs' possession or that is equally available to Plaintiff from public sources. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "documents, communications, and things related to any patent search or the results of any patent search relating to the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order. See D.I. 20. Guardant objects to this request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 59:**

All documents, communications, and things related to any prior art to any of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects generally to this request to the extent that it seeks information already in Plaintiffs' possession or that is equally available to Plaintiff from public sources. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "documents, communications, and things related to any prior art to any of the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the

grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling

Order.  See D.I. 20. Guardant objects to this request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 60:**

All prior art to any claim of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome,

and seeking irrelevant information, to the extent it purports to include any patents not asserted in

the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant

objects to this request to the extent it seeks information outside of Guardant's possession,

custody, or control. Guardant objects generally to this request to the extent that it seeks

information already in Plaintiffs' possession or that is equally available to Plaintiff from public

sources. Guardant objects to this request to the extent it seeks to elicit information subject to and

protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or

common interest privilege, and/or any other applicable privileges, protections, or immunities and

will not produce privilege information in response to this request.  Guardant objects to this

request to the extent that it seeks disclosure of confidential information from third parties that

Guardant is under an obligation not to disclose. Guardant objects to the phrase "prior art to any

claim of the Asserted Patents." as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

## REQUEST FOR PRODUCTION NO. 61:

All documents, communications, and things You intend to or may rely on to argue the invalidity of any of the claims of the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third

parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase

"documents, communications, and things You intend to or may rely on to argue the invalidity of

any of the claims of the Asserted Patents" as vague, ambiguous, overly broad and unduly

burdensome.  Guardant objects to this request on the grounds that it is premature in view of the

timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this

request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and things You intend to or may rely on to establish the level of ordinary

skill in the art for the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome,

and seeking irrelevant information, to the extent it purports to include any patents not asserted in

the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant

objects to this request to the extent it seeks information outside of Guardant's possession,

custody, or control. Guardant objects generally to this request to the extent that it seeks

information already in Plaintiffs' possession or that is equally available to Plaintiff from public

sources. Guardant objects to this request to the extent it seeks to elicit information subject to and

protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "intend to or may rely on to establish the level of ordinary skill in the art for the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 63:**

All documents, communications, and things related to any study, cost-benefit analysis, or evaluation as to whether You directly or indirectly attempted to copy one or more of Plaintiffs' products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects generally to this request to the extent that it seeks information already in

99

Plaintiffs' possession or that is equally available to Plaintiff from public sources. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "documents, communications, and things related to any study, cost-benefit analysis, or evaluation as to whether You directly or indirectly attempted to copy one or more of Plaintiffs' products" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

## REQUEST FOR PRODUCTION NO. 64:

All documents, communications, and things related to any research by TwinStrand, the University of Washington, Dr. Jesse Salk, Dr. Lawrence Loeb, or Dr. Michael Schmitt concerning Error Correction Approaches For Next-Generation Sequencing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the terms "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.  Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any research by TwinStrand, the University of Washington, Dr. Jesse Salk, Dr. Lawrence Loeb, or Dr. Michael Schmitt concerning Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and communications tending to show, or to refute, the existence of secondary considerations of non-obviousness of any of the claims of the Asserted Patents, including, without limitation, commercial success, long-felt need, copying by others, attempts by

others to solve the problems addressed by the Asserted Patents, and acceptance in the industry or

by the public of the claimed inventions in the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome,

and seeking irrelevant information, to the extent it purports to include any patents not asserted in

the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant

objects to this request to the extent it seeks information outside of Guardant's possession,

custody, or control. Guardant objects generally to this request to the extent that it seeks

information already in Plaintiffs' possession or that is equally available to Plaintiff from public

sources. Guardant objects to this request to the extent it seeks to elicit information subject to and

protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or

common interest privilege, and/or any other applicable privileges, protections, or immunities and

will not produce privilege information in response to this request.  Guardant objects to this

request to the extent that it seeks disclosure of confidential information from third parties that

Guardant is under an obligation not to disclose. Guardant objects to the phrase "tending to show,

or to refute, the existence of secondary considerations of non-obviousness of any of the claims of

the Asserted Patents, including, without limitation, commercial success, long-felt need, copying

by others, attempts by others to solve the problems addressed by the Asserted Patents, and

acceptance in the industry or by the public of the claimed inventions in the Asserted Patents" as

vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it calls for an expert and legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 66:**

All documents, communications, and things concerning the construction, interpretation, or scope of any of the claims of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.  Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant

objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "documents, communications, and things concerning the construction, interpretation, or scope of any of the claims of the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order. See D.I. 20. Guardant objects to this request to the extent it calls for an expert and legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 67:

All documents, communications, and things that support, refute, or relate to any defense or theory You have, plan to, or may assert during this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the phrase "support, refute, or relate to any defense or theory You have, plan to, or may assert during this litigation" as overly broad as to scope, unduly burdensome, and seeking irrelevant information. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the

attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it calls for an expert conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 68:

All documents, communications, and things concerning Your knowledge of the Asserted Patents or Plaintiffs' claims of infringement of the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the term "Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, to the extent it purports to include any patents not asserted in the Complaint. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.  Guardant objects to this request to the extent it seeks to elicit information

subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "concerning Your knowledge of the Asserted Patents or Plaintiffs' claims of infringement of the Asserted Patents" as vague, ambiguous, overly broad and unduly burdensome. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to the patents identified in the Complaint that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 69:**

All documents, communications, and things concerning any decision to continue making, using, offering for sale, selling, or importing the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing after You became aware of each Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrases "concerning any decision to continue making, using, offering for sale, selling, or importing the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing after You became aware of each Asserted Patent" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to the phrase "any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant

107

is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 70:**

Documents sufficient to show Your corporate structure, including the identity of and place of incorporation of each legal entity within, or related directly or indirectly to You, including but not limited to subsidiaries, parents, sisters, partnerships, and affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "Your corporate structure, including the identity of and place of incorporation of each legal entity within, or related directly or indirectly to You, including but not limited to subsidiaries, parents, sisters, partnerships, and affiliates" as vague, ambiguous, overly broad and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to its organizational structure that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show the reporting relationships between each legal entity within, or related directly or indirectly to You, including but not limited to subsidiaries, parents,

sisters, partnerships, and affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "the reporting relationships between each legal entity within, or related directly or indirectly to You, including but not limited to subsidiaries, parents, sisters, partnerships, and affiliates" as vague, ambiguous, overly broad and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to its organizational structure that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 72:**

Documents sufficient to show Your organizational structure and the reporting relationships among Your departments or business functions, including the executive, engineering, design, research, testing, development, manufacturing, fabrication, assembly,

packaging, marketing, promotion, sales, licensing, accounting, finance, and export/import departments or business functions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to the term "Your organizational structure" as overly broad as to scope, unduly burdensome, and seeking irrelevant information. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "organizational structure and the reporting relationships among Your departments or business functions, including the executive, engineering, design, research, testing, development, manufacturing, fabrication, assembly, packaging, marketing, promotion, sales, licensing, accounting, finance, and export/import departments or business functions" as vague, ambiguous, overly broad and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, pertaining to its organizational structure that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 73:**

 All documents, communications, or things related to any agreement between You and Illumina concerning the Accused Products, Accused Services, Digital Sequencing Technology, or Error Correction Approaches For Next-Generation Sequencing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "concerning the Accused Products, Accused Services, Digital Sequencing Technology, or Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly

111

burdensome.  Guardant objects to the terms "Digital Sequencing Technology" and "Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous, overly broad and unduly burdensome, and seeking information regarding products that are outside the scope of this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 74:**

All documents, communications, and things provided to, reviewed by, or prepared for or by any person whom You expect to call as a fact or expert witness at trial in this case, or on whose testimony, written or oral, You intend to rely on at any stage of the litigation, including but not limited to all documents such person plans to use, refer to, or rely on in connection with such testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.  Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request. Guardant objects to this request to the extent that it seeks disclosure of confidential information

from third parties that Guardant is under an obligation not to disclose. Guardant objects to the phrase "provided to, reviewed by, or prepared for or by any person whom You expect to call as a fact or expert witness at trial in this case, or on whose testimony, written or oral, You intend to rely on at any stage of the litigation, including but not limited to all documents such person plans to use, refer to, or rely on in connection with such testimony" as vague, ambiguous, overly broad and unduly burdensome.  Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20. Guardant objects to this request to the extent it calls for an expert conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 75:**

All documents, communications, and things related to any past or present proceeding in the U.S. or in a foreign country, including but not limited to litigation, arbitration, dispute, contested proceeding, or charge of infringement, whether formal or informal, pending or threatened, that relates to patent infringement involving any of the Accused Products, Accused Services, any Guardant product or service that incorporates or embodies Digital Sequencing Technology, or any Guardant product or service that incorporates or embodies Error Correction Approaches For Next-Generation Sequencing, including but not limited to settlement agreements, deposition transcripts, hearing transcripts, pleadings, and discovery responses from such proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein.

Guardant objects to this request on the ground that the request to produce "all" of the types of

documents that are listed renders this request overly broad, unduly burdensome and harassing.

Guardant objects to the terms "Accused Product," "Accused Service," "Digital Sequencing

Technology," and "Error Correction Approaches For Next-Generation Sequencing" as overly

broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the

extent it purports to seek information regarding products that are outside the scope of this case.

Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this

request to the extent it seeks information outside of Guardant's possession, custody, or control.

Guardant objects to this request to the extent it seeks to elicit information subject to and

protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or

common interest privilege, and/or any other applicable privileges, protections, or immunities and

will not produce privilege information in response to this request.  Guardant objects to this

request to the extent that it seeks disclosure of confidential information from third parties that

Guardant is under an obligation not to disclose. Guardant objects to the phrase "related to any

past or present proceeding in the U.S. or in a foreign country, including but not limited to

litigation, arbitration, dispute, contested proceeding, or charge of infringement, whether formal

or informal, pending or threatened" as vague, ambiguous, overly broad and unduly burdensome.

Guardant objects to the phrase "any Guardant product or service that incorporates or embodies

Digital Sequencing Technology, or any Guardant product or service that incorporates or

embodies Error Correction Approaches For Next-Generation Sequencing" as vague, ambiguous,

overly broad and unduly burdensome, and seeking information regarding products that are

outside the scope of this case.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to show Your document retention and destruction policies, processes, procedures, protocols, or guidelines, whether formal or informal, since 2012, including but not limited to any policy to preserve documents, communications, or information pending litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to the phrase "sufficient to show Your document retention and destruction policies, processes, procedures, protocols, or guidelines, whether formal or informal, since 2012, including but not limited to any policy to preserve documents, communications, or information pending litigation" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it requests documents outside of the relevant time period in this case. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 77:**

All documents, communications, and things related to any known violations of Your document retention and destruction policies, processes, procedures, protocols, or guidelines, whether formal or informal, since 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the phrase "related to any known violations of Your document retention and destruction policies, processes, procedures, protocols, or guidelines, whether formal or informal, since 2012" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to identify the facts and circumstances of any known violations of or deviations from Your document retention and destruction policies, processes, procedures,

protocols, or guidelines, whether formal or informal, since 2012, including any documents, communications, or things deleted or destroyed in such a violation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to the phrase "sufficient to identify the facts and circumstances of any known violations of or deviations from Your document retention and destruction policies, processes, procedures, protocols, or guidelines, whether formal or informal, since 2012, including any documents, communications, or things deleted or destroyed in such a violation" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.

Subject to and without waiving the foregoing General and Specific Objections, Guardant is willing to meet and confer to clarify and narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 79:**

Documents sufficient to identify the facts and circumstances related to the destruction of information and, in particular, emails by Helmy Eltoukhy described in *Guardant Health, Inc. v. Foundation Medicine, Inc.*, Case No. 1:17-cv-01616 (LPS) (CJB), D.I. 477 (D. Del.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Guardant objects to this request on the grounds set forth in the General Statement and

Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to the phrase "sufficient to identify the facts and circumstances related to the destruction of information" as overly broad as to scope, unduly burdensome, and seeking irrelevant information, in particular to the extent it purports to seek information irrelevant to this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and communications tending to show, or to refute, the factual or legal basis for any of the affirmative defenses asserted in Your Answer (D.I. 10), including but not limited to all documents You intend to rely on to support these affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Guardant objects to this request on the grounds set forth in the General Statement and Objections above, and hereby incorporates these by reference as if fully set forth herein. Guardant objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. Guardant objects to the phrases "tending to show, or to refute, the factual or legal basis for any of the affirmative defenses asserted in Your Answer (D.I. 10)," and "all documents You intend to rely on to support these affirmative defenses" as overly broad as to scope, unduly burdensome,

and seeking irrelevant information, in particular to the extent it purports to seek information regarding products that are outside the scope of this case. Guardant objects to this request to the extent it is unlimited as to time. Guardant objects to this request to the extent it seeks information outside of Guardant's possession, custody, or control.  Guardant objects to this request to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities and will not produce privilege information in response to this request.  Guardant objects to this request to the extent that it seeks disclosure of confidential information from third parties that Guardant is under an obligation not to disclose. Guardant objects to this request on the grounds that it is premature in view of the timetable for disclosures set forth in the Scheduling Order.  See D.I. 20.

Subject to and without waiving the foregoing General and Specific Objections, Guardant will produce responsive, non-privileged documents, if any, in its possession, custody or control, that can be located after a reasonable search.

Dated:  December 30, 2021

**OF COUNSEL**:

DLA PIPER LLP (US)

Mark D. Fowler (Admitted *Pro Hac Vice*)
Susan Krumplitsch (Admitted *Pro Hac Vice*)
Monica De Lazzari (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone: (650) 833-2048
Facsimile: (650) 687-1138
mark.fowler@us.dlapiper.com
susan.krumplitsch@us.dlapiper.com
monica.delazzari@us.dlapiper.com

Michael A. Sitzman (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
555 Mission Street
Suite 2400
San Francisco, CA 94105-2933
Telephone: 415-615-6175
Facsimile: 415-659-7411
michael.sitzman@us.dlapiper.com

Ellen Scordino (Admitted *Pro Hac Vice*)
Kristin Beale (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
33 Arch Street
26th Floor
Boston, MA 02110-1447
Telephone: 617-406-6085
ellen.scordino@us.dlapiper.com
kristin.beale@us.dlapiper.com

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
Erin E. Larson (DE Bar No. 6616)
1201 North Market Street, Suite 2100
Wilmington, DE  19801-1147
Telephone: 302-468-5700
Facsimile: 302-394-2341
brian.biggs@us.dlapiper.com
erin.larson@us.dlapiper.com

*Attorneys for Defendant Guardant Health, Inc.*

## CERTIFICATE OF SERVICE

I, Brian A. Biggs, hereby certify that on this 30th day of December, 2021, I caused a true and correct copy of the foregoing **DEFENDANT GUARDANT HEALTH, INC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–80)** to be served on the following counsel of record via electronic mail:

Adam W. Poff
Samantha G. Wilson
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

Bryon L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Matthew M. Zuziak
**STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.**
1100 New York Avenue, NW
Washington, DC 20005
(202) 371-2600
bpickard@sternekessler.com
tpowers@sternkessler.com
cvira@sternekessler.com
mzuziak@sternekessler.com

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)

WEST/296860649

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

TWINSTRAND BIOSCIENCES, INC. &
UNIVERSITY OF WASHINGTON,

*Plaintiffs*,

v.

GUARDANT HEALTH, INC.,

*Defendant*.

Case No: 21-1126 (GBW)(SRF)

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

Whereas, Plaintiffs TwinStrand Biosciences, Inc. & University of Washington (collectively, "Plaintiffs") have moved for an order compelling Defendant Guardant Health, Inc. ("Defendant") to (1) produce core technical documents related to the Accused Services, including documents "sufficient to show how the" Accused Services work and sales figures for the same, as required by the Delaware Default Standard for Discovery and Scheduling Order (D.I. 20); and (2) produce Accused Services Documents responsive to Plaintiffs' Requests for Production ("RFP") Nos. 1-4, 6-8, 14, 29 and 33, and the Court having considered the motion and all papers, and other matters submitted in support of and in opposition to the motion,

IT IS HEREBY ORDERED THAT:

1.  Plaintiffs' Motion is GRANTED.

2.   Defendant shall (1) produce core technical documents related to the Accused

Services, including documents "sufficient to show how the" Accused Services work

and sales figures for the same, as required by the Delaware Default Standard for

Discovery and Scheduling Order (D.I. 20); and (2) produce Accused Services

Documents responsive to Plaintiffs' Requests for Production ("RFP") Nos. 1-4, 6-8,

14, 29 and 33 by November 18, 2022.

SO ORDERED, this _____ day of _____, 2022.


_____
THE HONORABLE SHERRY R. FALLON
UNITED STATES MAGISTRATE JUDGE