

**WILMINGTON**
RODNEY SQUARE
**NEW YORK**
ROCKEFELLER CENTER

**Adam W. Poff**
P 302.571.6642
F 302.576.3326
apoff@ycst.com

October 14, 2022

The Honorable Sherry R. Fallon  **Via Electronic Filing/Hand Delivery**
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building  PUBLIC VERSION
844 King Street
Wilmington, DE 19801

      Re:    *TwinStrand Biosciences, Inc., et al. v. Guardant Health, Inc.*
             C.A. No. 21-1126-GBW-SRF

Dear Judge Fallon:

      The Court should deny the relief sought in Defendant Guardant's October 13, 2022 letter.

**I.    The Court should deny Guardant's motion to strike as a premature, unsupported dispositive motion.**

      Guardant's motion to strike does not truly challenge whether Plaintiffs' have provided sufficient detail explaining why Guardant Connect and Inform infringe[1]. Instead, its motion to strike asks the Court to decide the merits of Plaintiffs' infringement theories and to enter an order that is functionally equivalent to a summary judgement of no infringement. That remedy is premature as document productions are not fully complete, no fact witnesses have been deposed, and there is an outstanding motion to compel discovery for the two services at issue.  *See ID Image Sensing LLC v. OmniVision Technologies, Inc*., 1:20-cv-00136 (DDE) (Ex. A) (D. Del. Apr. 18, 2022) ("[C]ontentions are a discovery tool, and a motion to strike contentions is not the appropriate vehicle to assess whether Plaintiff's infringement theories are legally viable."). Guardant's inclusion of documents that it argues establish non-infringement is unremarkable and out-of-place. At most, these documents raise contested facts, which is to be expected in a hotly contested patent-infringement lawsuit. Plaintiffs should be allowed to take discovery on their infringement theories, after which Guardant can file motions for summary judgement as may be warranted.

---

[1] Plaintiffs' infringement contentions identify four Accused Services and provide the same level of detail in explaining how each infringes. Yet Guardant does not raise any issue as to the sufficiency for two of those services.

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P   302.571.6600    F   302.571.1253    YoungConaway.com

Young Conaway Stargatt & Taylor, LLP
The Honorable Sherry R. Fallon
October 14, 2022

      In any event, Plaintiffs' infringement contentions for the Guardant Inform and Guardant Connect Accused Services are sufficiently detailed and well supported by available evidence. As the Court is aware, the purpose of preliminary infringement contentions and claim charts is to put the defendant on notice of a plaintiff's claims: "[i]nfringement contentions must serve the purpose of providing notice to Defendants of Plaintiff's infringement theories beyond that which is provided by the mere language of the patent." *Wi-Lan Inc v. Vizio, Inc.*, 2018 WL 669730, at *1 (D. Del. Jan. 26, 2018). "Plaintiff need not in its contention actually prove its infringement case." *Id.*; *see also Invensas Corp. v. Renesas Electronics Corp.*, 287 F.R.D. 273, 283 (D. Del. Nov. 21, 2012).

      Plaintiffs have accused several Guardant products and four Guardant services of infringing the patents-in-suit. There is no dispute that Plaintiffs' contentions are sufficient as to all of the products and two of the Accused Services. This fact is significant given the nature of the Plaintiffs' infringement theories for the Guardant Services. [REDACTED]

      Plaintiffs' claim charts for the Guardant Connect and Inform services explain precisely this infringement theory—[REDACTED]

---

[2] Plaintiff's infringement contentions for the Accused Services also pointed to the claim charts for Accused Product that each service uses, which provides additional detail explaining Plaintiffs' infringement theories.

Young Conaway Stargatt & Taylor, LLP
The Honorable Sherry R. Fallon
October 14, 2022



To be sure, recent Guardant correspondence confirmed the premise of Plaintiffs' infringement theory for Guardant Inform and Connect:

> To the extent the Guardant services documents refer to assays or test kits, those assays or test kits involve the same core technology as the accused products. In other words, *any sequencing technology underlying the Guardant Services is the same as the technology in the accused products.*

Ex. E, J. Castellano Email (emphasis added) (Sept. 26, 2022). Exhibits B and D are two such "Guardant services documents [that] refer to assays or test kits." Thus, if Guardant's above statement is accurate, then Guardant Inform and Connect use the same core technology as the accused products (specifically Guardant360). And, again, there is no dispute that there is a sufficient basis for Plaintiffs to maintain infringement theories against Guardant360.

Finally, Guardant's cited cases do not support the relief sought. *Walker Digital* involved contentions that were disclosed after the close of fact discovery. *Round Rock* excluded contentions where the claim charts failed to compare the claims to the accused product, but instead pointed to documents describing features of general technical standards. Lenovo Letter, at 2, *Round Rock Rsch. LLC v. Lenovo Group Ltd., et al.,* C.A. No. 11-1011-RGA, D.I. 88 (Ex. F) (D. Del. Jun. 11, 2013). *EON Corp. IP Holdings LLC,* excluded contentions at the expert-report stage because an accused product had not been previously identified. *Personal Audio, LLC,* involved final, not preliminary contentions. And, the *Uniloc 2017 LLC* court entered a remedy allowing the plaintiff to supplement contentions where patentee failed to identify any specific accused product.

For these reasons, the Court should deny Guardant's motion to strike.

**II.      The Court should reject Guardant's narrowing proposal.**

Young Conaway Stargatt & Taylor, LLP
The Honorable Sherry R. Fallon
October 14, 2022

The parties generally agree that narrowing the number of asserted claims and invalidity references is appropriate, disputing only the timing of when and how much narrowing should occur[3].

The parties have recently discussed a schedule for exchanging interrogatory responses that would require disclose each side to disclose its non-infringement defenses and responses to the invalidity challenges. Plaintiffs propose narrowing the number of asserted claims after a reasonable 30-day period following the service of these interrogatory responses. Triggering initial narrowing based on that event is sensible because each side will have the benefit of assessing the relative strengths of their claims and defenses in light of information that is not yet available. Plaintiffs will also have a better sense of the damages attached to each asserted claim by then—something that is now unclear as Guardant has yet to produce critical financial information about its Accused Products and Services.  Guardant's proposed narrowing asserted claims at the end of this month is entirely arbitrary and does not offer any advantages. This is because the initial round of narrowing—no matter when it occurs—will not impact claim-construction (which is fully briefed), will not reduce the burden of document production (which is substantially complete), and will not reduce the number or change the identity of the fact witnesses to be deposed.

Plaintiffs propose additional narrowing to coincide with final infringement and invalidity contentions of 40 total claims and 3 prior-art grounds per claim. Additional narrowing at this stage makes sense because it will reduce the scope and burden of expert discovery. And the parties are likely to have the benefit of the Court's claim-construction order by then. Lastly, an additional final narrowing at the pre-trial phase of 10 claims and 3 grounds per claim will allow the parties to efficiently prepare for trial.

Guardant's cited cases confirm the sensibility of Plaintiffs' proposed schedule: 60 claims after supplemental interrogatory responses, 40 claims for final contentions, and 10 claims for trial. *See Masimo Corp.*, 918 F. Supp. 2d at 282 (D. Del. 2013) (narrowing to 30 claims when "no initial reduction in the number of asserted claims has occurred, and Philips has responded to invalidity contentions by charting 19 of its prior art references, which are identified as applicable to all 95 presently asserted claims."); Guardant's Ex. C (narrowing to 50 claims after initial contentions "in order to ensure that the parties have a full and fair opportunity to understand the case before eliminating certain claims and defenses."); Guardant's Ex. F (narrowing to 52 claims and "allow[ing the parties] the ability to learn more about the other side's infringement/invalidity case before having to further narrow the number of asserted claims . . . .); Guardant's Ex. G (narrowing to 30 claims where parties previously litigated similar patents and "these cases have already required a significant investment of Court and party resources."). Plaintiffs' arrived at its proposal after careful consideration of Guardant's outstanding discovery, and are ready to move forward with this schedule.

---

[3] Plaintiff most recent narrowing proposal is detailed in Exhibit G, A. Alfano email to J. Castellano (Oct. 13, 2022).

4

Young Conaway Stargatt & Taylor, LLP
The Honorable Sherry R. Fallon
October 14, 2022

                                       Respectfully,

                                       */s/ Adam W. Poff*

                                       Adam W. Poff (No. 3990)

Enclosures

cc:   Clerk of Court (via hand delivery)
       All Counsel of Record (via e-mail)