IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TWINSTRAND BIOSCIENCES, INC. & UNIVERSITY OF WASHINGTON,<br><br>　　　Plaintiffs and<br>　　　Counterclaim Defendants,<br><br>　　v.<br><br>GUARDANT HEALTH, INC.,<br><br>　　　Defendant and<br>　　　Counterclaim Plaintiff. | Civil Action No. 21-1126-GBW-SRF |

## MEMORANDUM ORDER AMENDING CASE SCHEDULE

At Wilmington this **31st** day of **January, 2023**, the court having considered the emergency motion to extend the case schedule filed by defendant Guardant Health, Inc. ("Defendant") (D.I. 214), and the response of plaintiffs Twinstrand Biosciences, Inc. and University of Washington ("Plaintiffs") (D.I. 218), IT IS ORDERED that the emergency motion is GRANTED-IN-PART as follows:

　　1. Applications for amendments to the scheduling order are governed by Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 15-785-LPS, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016).

　　2. Here, good cause exists for an extension that will give both sides an opportunity to complete the depositions of party and third-party witnesses. Defendant has shown that the case has largely remained on schedule since the entry of the original scheduling order more than a year ago, despite a subsequent expansion of the asserted claims and patents in the case. (D.I. 20;

D.I. 30) Yet correspondence between the parties confirms that both sides will need to take depositions after the fact discovery deadline expires on February 3, 2023. (*See, e.g.*, D.I. 214, Ex. A; D.I. 218, Ex. C at 1)

3. The parties agree that an extension of the fact discovery deadline is necessary to accommodate the remaining individual, corporate, and third-party depositions. (D.I. 214 at ¶ 20; D.I. 218 at 6) The focus of the dispute is on how much additional time is needed. Defendant proposes extending the fact discovery deadline by about two months, necessitating a corresponding one-month extension of the expert discovery deadlines. (D.I. 214, Proposed Order) Plaintiffs counter that a one-month extension of the fact discovery deadline is sufficient, and the expert discovery deadlines should remain in place. (D.I. 218, Appendix A)

4. Based on a review of the record, the court finds that a one-month extension of the fact discovery deadline, and corresponding extensions of the deadlines for final contentions, is sufficient to accommodate the remaining fact discovery. Defendant alludes to brewing discovery disputes affecting the scope of 30(b)(6) depositions and argues that it cannot complete deposition discovery before February 17. (D.I. 214 at ¶ 20) A March 3 deadline for fact discovery provides sufficient additional time for the parties to resolve their disputes and go forward with the remaining depositions. To ensure an efficient process going forward, on or before February 3, 2023, the parties shall exchange proposals for scheduling depositions of the remaining fact witnesses.

5. Defendant requests an additional two months of fact discovery to avoid the expense and resources of deposition-related activities while the court considers its pending motion to stay. (D.I. 214 at ¶ 29; D.I. 209) The benefit of this delay will not accrue unless the court grants the motion to stay, which is speculative at this stage. The record shows that Defendant's motion

to stay is based on the institution of *inter partes* review proceedings on only two of the eight patents-in-suit. (D.I. 210 at 3; D.I. 218, Ex. D)

6. For the foregoing reasons, the case schedule at D.I. 20 is amended as follows:

| Event | Current Deadline (D.I. 20 unless otherwise noted) | Extended deadline |
|---|---|---|
| Step 1 case narrowing | Jan. 30, 2023 (D.I. 137) | Feb. 3, 2023 |
| Fact discovery | Feb. 3, 2023 | Mar. 3, 2023 |
| Interim status report | Feb. 10, 2023 | Mar. 10, 2023 |
| Step 2 case narrowing | Feb. 13, 2023 (D.I. 137) | No change |
| Final infringement contentions | Feb. 17, 2023 | Mar. 3, 2023 |
| Step 3 case narrowing | Feb. 17, 2023 (D.I. 137) | Mar. 3, 2023 |
| Final invalidity contentions | Mar. 3, 2023 | Mar. 10, 2023 |
| Step 4 case narrowing | Mar. 3, 2023 (D.I. 137) | Mar. 10, 2023 |
| Opening expert reports | Mar. 24, 2023 | No change |
| Rebuttal expert reports | Apr. 21, 2023 | No change |
| Reply expert reports | May 15, 2023 | No change |
| Dispositive and Daubert motions | Jun. 23, 2023 | No change |
| Hearing on dispositive and Daubert motions | Vacated (D.I. 49; Apr. 12 2022 Oral Order) – Previously Jul. 25, 2023 | TBD |
| Step 5 case narrowing | Sept. 13, 2023 (D.I. 137) | No change |
| Step 6 case narrowing | Sept. 27, 2023 (D.I. 137) | No change |
| Pretrial order | Oct. 20, 2023 | No change |
| Pretrial conference | Oct. 27, 2023, 9:00 a.m. | No change |
| Trial | Nov. 6, 2023 | No change |

7. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

8.  The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

                                                 Sherry R. Fallon
                                                 United States Magistrate Judge