IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TWINSTRAND BIOSCIENCES, INC. & UNIVERSITY OF WASHINGTON, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> GUARDANT HEALTH, INC., <br><br> Defendant and Counterclaim Plaintiff. | Civil Action No. 21-1126-GBW-SRF |

## MEMORANDUM ORDER

At Wilmington this **14th** day of **March, 2023**, the court having considered the discovery dispute letter submissions filed by plaintiffs TwinStrand Biosciences, Inc. and the University of Washington ("Plaintiffs") and defendant Guardant Health, Inc. ("Defendant") (D.I. 250; D.I. 251; D.I. 253; D.I. 254), IT IS ORDERED that: (1) Plaintiffs' motion to compel the production of documents on Defendant's INFINITY/Sirius[1] and HEME products is GRANTED; (2) Defendant's motion to strike Plaintiffs' infringement contentions on the INFINITY/Sirius and HEME products is DENIED; and (3) Plaintiffs' motion to compel supplemental 30(b)(6) testimony on Topic 13 is DENIED for the following reasons.

1. **Defendant's INFINITY/Sirius and HEME products.** Plaintiffs move to compel Defendant to produce documents and information responsive to Requests for Production Nos. 1-10, 136, 200, 204, 209, and 244-58 relating to Defendant's INFINITY/Sirius and HEME

---

[1] Defendant has confirmed that Sirius is the internal development name used for the INFINITY product. (D.I. 253 at 1 n.1; D.I. 250, Ex. J at 100:4-17) Plaintiffs contend this was the first time Defendant informed them that the INFINITY and Sirius products were the same product despite their prior meet and confers. (D.I. 254 at 2)

products. (D.I. 250) In support of the motion, Plaintiffs argue that they acted diligently in identifying the INFINITY/Sirius and HEME products as accused products and seeking discovery since Defendant's recent disclosure of its INFINITY product in September of 2022, and any delay was the result of Defendant's violation of its obligations under Rules 26(b) and (e) to supplement its discovery responses and disclosures. (*Id.*; D.I. 254)

 2. Defendant moves to strike Plaintiffs' infringement contentions on the INFINITY/Sirius and HEME products as untimely and improperly accused. (D.I. 251) According to Defendant, the court should evaluate the timing of Plaintiffs' actions by applying the *Pennypack* factors, which include "(1) the prejudice or surprise in fact of the party against whom the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the excluded evidence." (*Id.* at 2-4); *LabMD Inc. v. Boback*, 47 F.4th 164, 189 (3d Cir. 2022).

 3. The timing of events relevant to Plaintiffs' disclosure of the INFINITY/Sirius and HEME products in the infringement contentions is critical to the court's analysis of Plaintiffs' motion to compel and Defendant's motion to strike. A summary of the relevant facts is set forth in the following chart:

| DATE | EVENT |
|---|---|
| 8/3/2021 | Complaint filed (D.I. 1) |
| 1/12/2022 | Plaintiffs served their identification of accused products and asserted patents. (D.I. 251, Ex. A) |
| 4/2022 | Defendant's INFINITY/Sirius product was first manufactured. (D.I. 250, Ex. P at 47) |
| 4/1/2022 | Plaintiffs served their initial infringement contentions. (D.I. 251, Ex. B) |
| 4/26/2022 | Plaintiffs served their supplemental infringement contentions. (D.I. 251, Ex. C) |

2

| 8/2022 | Defendant's INFINITY/Sirius product was first used. (D.I. 250, Ex. P at 47) |
|---|---|
| 9/9/2022 | Defendant issued a press release announcing its INFINITY/Sirius product. (D.I. 251, Ex. D) |
| 9/21/2022 | Defendant served a document on Plaintiffs which includes the first mention of the HEME product.[2] (D.I. 251, Exs. G-H) |
| 9/23/2022 | Deadline for substantial completion of document production. (D.I. 109) |
| 10/19/2022 | Plaintiffs sought documents on the INFINITY product in their sixth set of Requests for Production. (D.I. 250, Ex. B at 48-63) |
| 11/18/2022 | Defendant responded to Plaintiffs' Requests for Production, declining to produce any documents responsive to requests regarding the INFINITY/Sirius and HEME products because they were not included on the identification of accused products and accused services. (*Id.*) |
| 12/12/2022 | Plaintiffs served their second supplemental infringement contentions, which identify the INFINITY/Sirius and HEME products. (D.I. 250, Ex. C) |
| 1/3/2023 | Plaintiffs sent a letter to Defendant requesting the production of documents on the INFINITY and HEME products in accordance with the RFPs served in October. (D.I. 250, Ex. D at 1-2) |
| 1/18/2023 | Deadline for Plaintiffs to supplement their identification of accused products and asserted patents. (D.I. 20 at ¶ 16)<br><br>Plaintiffs served their supplemental identification of accused products and asserted patents, identifying the INFINITY/Sirius and HEME products. (D.I. 250, Ex. E at 4) |
| 1/20/2023 | Defendant informed Plaintiffs that the INFINITY and HEME products were untimely and improperly accused. (D.I. 250, Ex. F at 2) |
| 1/31/2023 | Plaintiffs sent a letter to Defendant seeking the production of software design specifications, source code, and test overviews for the |

---

[2] Defendant represents that it served a document on Plaintiffs which included the first mention of the Sirius product on September 9, 2022. (D.I. 251 at 6; Exs. E-F) There is no mention of Sirius on pincited page GH00194500, and the court found no mention of Sirius on any other page of the exhibit. (*Id.*, Ex. F) At page GH00194529, Defendant's LUNAR-1 program and LUNAR ECLIPSE trial are mentioned. (*Id.*, Ex. F at GH00194529) Defendant further represents that it served a document on Plaintiffs on September 23, 2022, which included the first mention of the INFINITY product. (D.I. 251 at 6; Exs. I-J) The document appears to be an organizational chart, and neither the page cited by Defendant nor any page in the balance of the document mentions the INFINITY product. (*Id.*, Ex. J at GH00455434) A single slide in the document mentions the HEME product in the context of an open, budgeted position. (*Id.*, Ex. J at GH00455439) Plaintiffs confirm that these documents contain only brief mentions of the INFINITY/Sirius and HEME products, and they contain no technical information on the products. (D.I. 254 at 2-3)

| | |
|---|---|
| | INFINITY/Sirius and HEME products. (D.I. 250, Ex. G) Plaintiffs followed up on this request on February 2 and February 13. (*Id.*, Ex. I at 1-2; Ex. K)<br><br>Plaintiffs deposed Defendant's vice president of finance, who testified that Defendant's INFINITY product generated revenue and the HEME product was expected to generate revenue in 2023. (D.I. 250, Ex. H at 78:1-8, 128:11-19) |
| 2/3/2023 | Plaintiffs deposed Defendant's 30(b)(6) designee on technical topics, who testified on the INFINITY/Sirius and HEME products. (D.I. 250, Ex. J) |
| 2/13/2023 | Plaintiffs sent a letter to Defendant requesting the production of revenue information for the INFINITY/Sirius and HEME products. (D.I. 250, Ex. K) |
| 2/16/2023 | Plaintiffs deposed Defendant's 30(b)(6) designee Bill Getty on the INFINITY/Sirius and HEME products. (D.I. 250, Ex. L) |
| 2/23-2/28/2023 | Plaintiffs continued to seek the production of documents relating to the INFINITY/Sirius and HEME products. (D.I. 250, Ex. O) |
| 3/3/2023 | Close of fact discovery. (D.I. 219)<br><br>Parties filed their joint motion requesting a discovery dispute teleconference. (D.I. 246)<br><br>Plaintiffs served their final infringement contentions. (D.I. 256) |

4. Plaintiffs' motion to compel the production of documents regarding Defendant's INFINITY/Sirius and HEME products is GRANTED, Defendant's motion to strike Plaintiff's infringement contentions on the INFINITY/Sirius and HEME products is DENIED, and Defendant shall supplement its responses Requests for Production 1-10, 136, 200, 204, 209, and 244-58 to include documents on the INFINITY/Sirius and HEME products on or before March 24, 2023. (D.I. 250; D.I. 251) There is no meaningful dispute that the requested documents are relevant. Defendant's 30(b)(6) witnesses testified that the INFINITY/Sirius and HEME products share features with the originally accused products and are intended to serve as replacements for those products in the future. (D.I. 250, Ex. J at 100:13-102:9; Ex. L at 65:8-66:16, 168:17-170:4; *see also* D.I. 254, Ex. 2)

5.  The focus of Defendant's opposition to Plaintiffs' motion to compel is on Plaintiffs' alleged lack of diligence. (D.I. 253) But the record before the court shows that Plaintiffs promptly and diligently sought discovery on Defendant's INFINITY/Sirius product after its existence was disclosed by Defendant in September of 2022. (D.I. 251, Ex. D) About a month after the products were disclosed, Plaintiffs served requests for production of documents on Defendant pertaining specifically to the INFINITY/Sirius product. (D.I. 250, Ex. B at 48-63)

6.  On November 18, 2022, Defendant represented it would not produce documents pertaining to the INFINITY/Sirius product in response to Plaintiff's requests for production because the product was not identified by Plaintiffs as an accused product or service. (*Id.*) To resolve this issue, Plaintiffs named Defendant's INFINITY/Sirius and HEME products as accused products in their second supplemental infringement contentions served on December 12, 2022. (*Id.*, Ex. C) These infringement contentions were served nearly three months before final contentions were due, and more than a month before Plaintiffs' deadline to supplement their identification of accused products and asserted patents. (D.I. 20 at ¶ 16; D.I. 219 at 3) Where, as here, Plaintiffs' infringement contentions regarding the INFINITY/Sirius and HEME products were not untimely, "neither the *Pennypack* factors nor Rule 37(c)(1) is applicable[.]" *Lipocine Inc. v. Clarus Therapeutics, Inc.*, C.A. No. 19-622-WCB, 2020 WL 4794576, at *9 n.4 (D. Del. Aug. 18, 2020).

7.  The record confirms that Plaintiffs diligently continued to seek the production of documents on the INFINITY/Sirius and HEME products after the December 12 supplementation of their infringement contentions. (D.I. 250, Ex. D at 102, Ex. G, Ex. I at 1-2, Ex. K, Ex. O, Ex. S) Defendant argues that Plaintiffs unduly delayed in seeking court intervention to compel the discovery by waiting until the close of fact discovery on March 3 to file the joint motion. (D.I.

253 at 1-2) But Defendant ignores its own role in causing this delay by continuing to withhold responsive documents nearly five months after the requests for production were served and over three months since the INFINITY/Sirius and HEME products were charted in Plaintiffs' second supplemental infringement contentions. (D.I. 250, Ex. B at 48-63; Ex. C)

8. Defendant argues that, even if the court determines the INFINITY/Sirius product is properly accused, discovery on the HEME product should not be awarded because the HEME product is not commercially available. (D.I. 253 at 1; D.I. 250, Ex. S at 2) But Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The present record confirms that it was projected there would be some sales of the HEME product in 2022, and the first generation of revenue from the HEME product was expected in 2023. (D.I. 250, Ex. H at 128:11-19) Because the timing of the HEME product's commercial availability is not clear on the present record and there is no suggestion that the HEME product is irrelevant on a technical level, Defendant shall produce the requested discovery on the product.

9. A March 24 deadline for the production of documents on the INFINITY/Sirius and HEME products is reasonable under the circumstances. As previously stated, Plaintiffs first requested these documents nearly five months ago and included the INFINITY/Sirius and HEME products in their infringement contentions more than three months ago. Defendant has been on notice of the precise information sought by Plaintiffs through formal discovery requests and correspondence between the parties for many months, and it should be prepared to produce the information without further delay. Corresponding extensions of the deadlines for opening,

rebuttal, and reply expert reports to April 7, May 5, and May 30, respectively, are appropriate to allow the parties' experts to account for the supplemental document production.

10. Defendant maintains that a 60-day extension of all remaining dates in the scheduling order is necessary to allow for the production of documents and preparation of expert reports. (D.I. 253 at 3) In fact, Defendant confirmed it was willing to forego its motion to strike and produce the requested documents on the INFINITY/Sirius product if Plaintiffs would agree to a 60-day extension of all deadlines. (D.I. 250, Ex. S at 2) But an extension of this magnitude would result in a loss of the trial date. For the reasons previously discussed, Defendant has been on notice of the information sought by Plaintiffs for months, and it could have avoided a compressed time period for the production by producing responsive documents on relevant products in a timely manner.

11. **Supplemental 30(b)(6) witness testimony.** Plaintiffs also move to compel a supplemental 30(b)(6) deposition on noticed Topic 13 regarding Defendant's awareness of the TwinStrand Asserted Patents. (D.I. 250 at 4) According to Plaintiffs, designated witness Bill Getty was unable to answer basic questions about specific dates during the deposition and confirmed he did not talk to anyone at the company to prepare for this topic prior to the deposition. (*Id.*)

12. Plaintiffs' request for a supplemental 30(b)(6) deposition on Topic 13 is DENIED. The 30(b)(6) deposition transcript confirms that Mr. Getty testified the date of first awareness of the TwinStrand Asserted Patents was in 2018, and he had reviewed an email from TwinStrand sent to Bill Smith to confirm this information. (D.I. 250, Ex. L at 197:8-198:22) Plaintiffs did not ask Mr. Getty for a more specific date of awareness or further details about the communication.

13. Plaintiffs alternatively request a supplemental response to Interrogatory No. 6 on the same subject matter. (D.I. 250 at 4) Plaintiffs' alternative request is also DENIED without prejudice because there is no indication that this proposal was made to Defendant during the meet and confer process.

14. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

   a. Plaintiffs' motion to compel the production of documents responsive to Requests for Production 1-10, 136, 200, 204, 209, and 244-58 for Defendant's INFINITY/Sirius and HEME products is GRANTED. (D.I. 250) Defendant shall supplement its production on or before March 24, 2023.

   b. The case schedule at D.I. 219 is amended as follows to accommodate Defendant's supplemental document production:

| Event | Current Deadline (D.I. 219) | Extended deadline |
|---|---|---|
| Opening expert reports | Mar. 24, 2023 | April 7, 2023 |
| Rebuttal expert reports | Apr. 21, 2023 | May 5, 2023 |
| Reply expert reports | May 15, 2023 | May 30, 2023 |
| Dispositive and Daubert motions | Jun. 23, 2023 | No change |
| Hearing on dispositive and Daubert motions | Vacated (D.I. 49; Apr. 12 2022 Oral Order) – Previously Jul. 25, 2023 | TBD |
| Step 5 case narrowing | Sept. 13, 2023 (D.I. 137) | No change |
| Step 6 case narrowing | Sept. 27, 2023 (D.I. 137) | No change |
| Pretrial order | Oct. 20, 2023 | No change |
| Pretrial conference | Oct. 27, 2023, 9:00 a.m. | No change |
| Trial | Nov. 6, 2023 | No change |

   c. Defendant's motion to strike is DENIED. (D.I. 251)

   d. Plaintiffs' motion to compel Defendant to provide a witness on 30(b)(6) Topic 13 by March 24, 2023 is DENIED.

8

15. IT IS FURTHER ORDERED that the discovery dispute teleconference scheduled for March 15, 2023 at 11:00 a.m. is CANCELLED.

16. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **March 21, 2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

17. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

18. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge