IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TWINSTRAND BIOSCIENCES, INC. & UNIVERSITY OF WASHINGTON, <br><br>    Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> GUARDANT HEALTH, INC., <br><br>    Defendant and Counterclaim Plaintiff. | Civil Action No. 21-1126-GBW-SRF |

## MEMORANDUM ORDER

At Wilmington this **25th** day of **April, 2023**, the court having considered the emergency motion to amend the case schedule filed by defendant Guardant Health, Inc. ("Guardant" or "Defendant") (D.I. 285), and the response of plaintiffs Twinstrand Biosciences, Inc. and University of Washington ("Plaintiffs") (D.I. 288), IT IS ORDERED that the emergency motion is DENIED for the following reasons:

1. Applications for amendments to the scheduling order are governed by Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 15-785-LPS, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016).

2. Guardant has not demonstrated good cause for the requested extensions. Guardant's position is that the opening report of Plaintiffs' expert, Jeremy Edwards, Ph.D (the "Edwards Report"), disclosed for the first time Plaintiffs' substantive theories regarding Guardant's alleged lack of standing to assert its counterclaims for patent infringement. (D.I. 285 at ¶ 10) But the

record before the court does not support Guardant's position that it was unaware of Plaintiffs' theory on standing until the Edwards Report was served on April 7, 2023.

3. The record confirms that Plaintiffs disclosed their theory on Guardant's lack of standing at least as early as June 17, 2022, when Plaintiffs filed a motion to sever and stay Guardant's counterclaims. (D.I. 75) In their briefing on the motion, Plaintiffs acknowledged Illumina, Inc.'s claim of co-ownership of U.S. Patent Nos. 10,801,063; 10,889,858; 11,118,221; and 11,149,306 (the "Counterclaim Patents") in *Illumina, Inc. v. Guardant Health, Inc. et al.*, C.A. No. 22-334-GBW-CJB (D. Del.) (the "Illumina Action"). (D.I. 76 at 1) Plaintiffs specifically alleged that, if Illumina could establish its co-ownership of the Counterclaim Patents in the Illumina Action, "Guardant would lack standing to have raised the counterclaims in the present matter without Illumina's consent to join as a co-plaintiff, which it did not have at the time it filed its counterclaims." (*Id.* at 9-10) Plaintiffs' briefing on the motion to sever and stay cross-referenced the complaint in the Illumina Action, dated March 17, 2022, for further details on the standing allegations. (*Id.* at 5; C.A. No. 22-334-GBW-CJB, D.I. 1)

4. Consistent with this position, on January 13, 2023, Plaintiffs served their objections and responses to Guardant's Interrogatory No. 25, which sought the factual and legal bases for Plaintiffs' affirmative defenses to Guardant's counterclaims in the instant litigation. (D.I. 285, Ex. 1 at 2) Plaintiffs' interrogatory response cites the complaint in the Illumina Action in support of the affirmative defense for lack of standing. (*Id.* at 3) And on February 21, 2023, Plaintiffs pleaded their ninth affirmative defense for lack of standing to assert the Counterclaim Patents in their answer to Guardant's counterclaims. (D.I. 240 at 17)

5. Because Plaintiffs' theory on Guardant's lack of standing in the Edwards Report appears to be consistent with Plaintiffs' position on standing in the instant case for the better part

2

of the past year,[1] an extension of the deadline to rebut the Edwards Report is not necessary. The record shows that counsel from McCarter & English, LLP and Gibson, Dunn & Crutcher LLP entered their appearances days after the Edwards Report was served. (D.I. 274; D.I. 275; D.I. 276) There is no dispute that these firms have been involved in the Illumina Action since its inception, and they are therefore well-acquainted with the standing issues raised in the Edwards Report. (C.A. No. 22-334-GBW-CJB) Consequently, Guardant has not shown good cause to modify all of the remaining dates in the scheduling order.

6. The parties previously agreed to extend the deadline for rebuttal and reply expert reports to May 5, 2023 and May 30, 2023, respectively. (D.I. 250, Ex. X) Ten days remain before Guardant's rebuttal expert report is due, and no further extensions of the deadline for Guardant's rebuttal report are necessary. Should the parties agree to further extend these deadlines for reports responsive to the Edwards Report, this ruling is without prejudice to the submission of a stipulation to that effect.

7. Guardant also argues that postponement of the trial date is necessary to accommodate two attorneys who recently entered their appearances in this matter on behalf of Guardant because they have conflicts with the current trial date on November 6, 2023. (D.I. 285 at 4-5) But Guardant has not established that Justine Goeke and Daniel Silver are expected to have a first-chair role at trial, or that the many other lawyers on Guardant's trial team would be unable to sufficiently prepare for trial over the course of the next six months. Instead, the

---

[1] In a footnote, Guardant suggests that the Edwards Report "argues for the first time that named inventor Helmy Eltoukhy contributed to the conception of specific claims in the Guardant Patents prior to January 2013." (D.I. 285 at 4 n.3) Guardant does not attach excerpts of the Edwards Report to the emergency motion to substantiate this argument. Moreover, "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered [forfeited]." *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023).

3

emergency motion describes Ms. Goeke as "one of a small group of attorneys representing Guardant in connection with the Illumina-related issues," and it describes Mr. Silver as local counsel "who is actively involved in and counseling on Illumina-related issues[.]" (*Id.* at 6) These conflicts do not provide good cause to disrupt the trial schedule.

8. For the foregoing reasons, Guardant's emergency motion to amend the case schedule is DENIED.

9. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **May 2, 2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

10. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

4

**11.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge