**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TWINSTRAND BIOSCIENCES, INC. & UNIVERSITY OF WASHINGTON,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>GUARDANT HEALTH, INC.,<br><br>Defendant and Counterclaim Plaintiff. | C.A. No. 21-1126-GBW-SRF<br><br>**PUBLIC VERSION OF D.I. 278**<br>**FILED: APRIL 25, 2023** |

**[redacted] <u>LETTER FROM JEFF CASTELLANO TO JUDGE FALLON</u>**

Dated: April 18, 2023

Dear Judge Fallon:

Defendant Guardant Health, Inc. respectfully requests that the Court compel plaintiffs to produce: (1) valuation documents discussed at deposition by TwinStrand's corporate designee on valuation issues; and (2) [redacted].

**A. The Court Should Compel the Production of Valuation Documents**

In December 2022, Guardant served a 30(b)(6) deposition notice on plaintiff TwinStrand. Ex. 1. Guardant's deposition notice included a number of valuation-related topics, among them Topic Nos. 8 and 68. *Id.* Topic No. 8 is reproduced below:

> **TOPIC NO. 8:** ***Any economic analysis, monetary valuation, or non-monetary valuation of Plaintiffs, the alleged technology of Plaintiffs' Asserted Patents, or Plaintiffs' Asserted Patents or Related Patents, performed by Plaintiffs, or any other third party***, and all plans to monetize Plaintiffs' Asserted Patents or the technology of Plaintiffs' Asserted Patents.

*Id.* (emphasis added). Guardant also sought valuations and damages-related documents in various RFPs, including RFP Nos. 73 (valuations), 68 (damages suffered as a result of Guardant's alleged infringement), 243 (market size, market share), 244 (market studies and analyses related to TwinStrand and TwinStrand accused products), 245 (competitive landscape analyses), 252 (demand for TwinStrand accused products), 253 (irreparable harm). Exs. 2, 3. TwinStrand has not claimed that these valuations are not responsive to Guardant's RFPs.

TwinStrand designated Mr. Jeff Wilson to testify regarding Topics 8 and 68. Ex. 4 (stating that "TwinStrand designates Mr. Jeff Wilson to testify regarding any economic analysis, monetary valuation, or non-monetary valuation of TwinStrand, the alleged technology of Plaintiffs' Asserted Patents, performed by TwinStrand, or any other third party…."). At his deposition, when specifically asked about the subject matter of Topic No. 8, including valuations of TwinStrand, [redacted] Tr. at 59:7-64:21.

Specifically, [redacted] Tr. at 61:1-12, 64:3-21. He testified that [redacted] *Id.* He testified that information [redacted] *Id.*; *see also id.* at 62:16-63:2. [redacted] at 140:12-141:6.

None of the valuations discussed by Mr. Wilson or Dr. Salk were produced to Guardant. Following the 30(b)(6) depositions, Guardant requested the valuations that were discussed by the two TwinStrand corporate witnesses. Ex. 7 at 6.

TwinStrand has refused to produce these documents, despite the Court's clear instruction in connection with a previous dispute that it would not hear argument because "it is reasonably likely that ***Documents identified during the deposition of a corporate witness should be produced***

***absent a privilege objection*.**" D.I. 247 (emphasis added).[1] TwinStrand does not claim that these documents are privileged and has made only relevance objections. However, valuations of TwinStrand are relevant to both parties' damages claims based on reasonable royalty, including (for example) *Georgia-Pacific* factor 5 (status as competitors), 6 (value of invention as generator of sales), 8 (profitability of products and commercial success), 10 (benefits of use of the invention), 11 (extent to which the infringer has made use of the invention and any evidence probative of the value of that use), 13 (portion of profit attributable to invention as distinguished from non-patented elements, manufacturing process, or business risks), 15 (amount that licensor and licensee would have agreed on for license). *See Georgia-Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). For instance, [redacted]

During meet and confers, TwinStrand's counsel has suggested that the Court's discovery ruling in February (D.I. 244) somehow renders this issue moot. But nowhere in that ruling did the Court excuse plaintiffs from providing relevant valuation ***documents*** discussed by its corporate witnesses. Instead, the Court addressed the question of whether plaintiffs would be required to provide additional 30(b)(6) ***testimony*** on certain valuation-related topics, and declined to compel such testimony in part because "valuation topics were addressed in the testimony on Topics 8 and 68,…" D.I. 244.

For the above reasons, Guardant respectfully requests that the Court compel plaintiffs to produce the company valuations discussed by corporate witnesses Mr. Wilson and Dr. Salk. Because rebuttal expert reports are due on May 5, Guardant requests that the Court order that this production take place by April 28, 2023, or that the rebuttal damages report deadline is extended to accommodate production of these documents.

**B. The Court Should Compel the Production of the [redacted]**

Guardant served requests for production directed to "[a]ll employee, contractor, or consulting agreements between any Plaintiffs Inventor and TwinStrand or UW," and "[a]ll licenses, development agreements, collaboration agreements, or other agreements concerning one or more of Plaintiffs' Asserted Patents or their related patent applications, including any assignment, transfer, or lien, and including any agreement between or among any Plaintiffs Inventors, and TwinStrand or UW." Ex. 8.

In response to these RFPs, plaintiffs produced certain agreements between plaintiffs and the inventors of plaintiffs' patents. [redacted] Ex. 9.

[redacted]

---

[1] Guardant has produced the documents that were the subject of the Court's comment.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Thus, Guardant requests that the Court compel TwinStrand to produce the [redacted] by April 28, 2023.

Respectfully,

*/s/ Jeff Castellano*

Jeff Castellano (No. 4837)