**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

TWINSTRAND BIOSCIENCES, INC. &
UNIVERSITY OF WASHINGTON,

Plaintiffs and
Counterclaim Defendants,

v.

GUARDANT HEALTH, INC.,

Defendant and
Counterclaim Plaintiff.

C.A. No. 21-1126-GBW-SRF

**PUBLIC VERSION OF D.I. 283**
**FILED: APRIL 25, 2023**

**[redacted] <u>LETTER FROM JEFF CASTELLANO TO JUDGE FALLON</u>**

Dated: April 19, 2023

Dear Judge Fallon:

Guardant respectfully submits that plaintiffs' motion to compel a supplemental response to Interrogatory No. 6 should be denied for the reasons below.

**A. The Court Has Already Rejected Plaintiffs' Attempts to Obtain Further Discovery on this Issue**

On December 12, 2022, plaintiffs TwinStrand and University of Washington served a 30(b)(6) notice on Guardant including the following topic:

> 13. The circumstances, including the identity of the relevant person or persons and dates of the earliest awareness, under which Guardant first became aware of the TwinStrand Asserted Patents.

Ex. 1 at 7.

Guardant designated Bill Getty as its corporate witness on this topic. Ex. 2. As Guardant previously briefed to the Court, [redacted] D.I. 253 at 3.

Nonetheless, plaintiffs moved to compel additional testimony on March 2, 2023. D.I. 246. The Court ultimately denied plaintiffs' motion on the grounds that "[t]he 30(b)(6) deposition transcript confirms that [redacted] D.I. 250, Ex. L at 197:8-198:22. Plaintiffs did not ask Mr. Getty for a more specific date of awareness or further details about the communication." D.I. 261 at 7. Thus, the Court has already rejected plaintiffs' attempt to reopen discovery on this issue, and should do so again here.

The deposition of TwinStrand's corporate witness Dr. Grainger has no bearing on this issue. Unlike Guardant, TwinStrand flatly refused to provide a witness on awareness of Guardant's patents and Guardant was therefore forced to move to compel. D.I. 277 at 3. After plaintiffs were ordered to provide a witness on the awareness of Guardant's patents (D.I. 244), Guardant took the deposition of Mr. Grainger on that topic. If anything, that simply put the parties on equal footing.

**B. Guardant's Response to Interrogatory No. 6 is Adequate, and on Par with the Level of Detail in Plaintiffs' Response to Guardant's Similar Interrogatory**

After the Court's denial of plaintiffs' motion to compel additional testimony on awareness of plaintiffs' patents, Guardant supplemented its interrogatory response on the same subject to provide additional detail and to incorporate Mr. Getty's testimony. D.I. 277 at 2.

Contrary to plaintiffs' assertion, Guardant's most recent response to Interrogatory No. 6 [redacted] D.I. 277, Ex. A at 56-57. The dates of issuance of the patents are known to TwinStrand and are further set forth in Guardant's counterclaims. D.I. 30 at ¶¶ 130-133. Guardant's supplemental response also discloses [redacted]

[redacted] D.I. 277, Ex. A at 57.

Plaintiffs assert that Guardant's interrogatory response provides "scant information," but it includes the information from Mr. Getty's testimony that the Court found adequate on the topic in view of plaintiffs' limited questioning of Mr. Getty. For that reason, contrary to the *Beijing Choice* case cited by plaintiffs, it is not "impracticable to determine whether an adequate answer has been given." And although methods of discovery are complementary, the Rules do not prohibit citing other forms of discovery in an interrogatory response. *See, e.g.*, Fed. R. Civ. P. 33(d) (permitting answering of interrogatories by citing documents). Nonetheless, if the Court orders supplementation, Guardant will provide the information Mr. Getty testified about in narrative format.

Thus, plaintiffs are incorrect that Guardant's response to Interrogatory No. 6 is deficient. Indeed, Guardant's supplementation includes the same amount of detail as plaintiffs' most recent interrogatory response (reproduced below):

[redacted]

D.I. 277, Ex. E at 6. Among other things, plaintiffs' response fails to identify [redacted]

Thus, plaintiffs' motion should be denied. To the extent the Court is inclined to grant Plaintiffs' motion, Guardant proposes that the Court order that the supplementation be limited to the type of information in plaintiffs' response.

Respectfully,

*/s/ Jeff Castellano*

Jeff Castellano (No. 4837)