*Read In Open Court 11/14/23* (NrC)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TWINSTRAND BIOSCIENCES, INC. & UNIVERSITY OF WASHINGTON, <br><br> *Plaintiffs*, <br><br> v. <br><br> GUARDANT HEALTH, INC., <br><br> *Defendant*. | C.A. No. 21-1126-GBW-SRF |

## VERDICT FORM

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Plaintiffs" refers to Plaintiff University of Washington ("UW") and Plaintiff TwinStrand Biosciences, Inc. ("TwinStrand"), collectively.

2. "Guardant" refers to Defendant Guardant Health, Inc.

3. "UW and TwinStrand's Asserted Patents" refers to U.S. Patent Nos. 10,287,631 and 10,760,127.

4. The "'631 patent" refers to U.S. Patent No. 10,287,631.

5. The "'127 patent" refers to U.S. Patent No. 10,760,127.

## QUESTIONS AND ANSWERS

We, the jury, unanimously find as follows.

1. **Infringement of UW and TwinStrand's Asserted Patents**

    **1.1. Infringement**

    1.1.1. Have UW and TwinStrand proven by a preponderance of the evidence that Guardant infringed any of the following claims of the '631 patent? (A "Yes" answer is a finding for UW and TwinStrand; a "No" answer is a finding for Guardant.)

    *For each asserted claim, please check "Yes" or "No" below.*

    |  | Yes (UW and TwinStrand) | No (Guardant) |
    |---|---|---|
    | Claim 1 | ✓ |  |

    1.1.2. Have UW and TwinStrand proven by a preponderance of the evidence that Guardant infringed any of the following claims of the '127 patent? (A "Yes" answer is a finding for UW and TwinStrand; a "No" answer is a finding for Guardant.)

    *For each asserted claim, please check "Yes" or "No" below.*

    |  | Yes (UW and TwinStrand) | No (Guardant) |
    |---|---|---|
    | Claim 24 | ✓ |  |
    | Claim 30 | ✓ |  |

2

## 2. Willfulness with Respect to UW and TwinStrand's Asserted Patents

*You are only to answer question 2.1.1 below if you have found one or more of the asserted claims of UW and TwinStrand's Asserted Patents infringed in section 1 above.*

    2.1.1. Have UW and TwinStrand proven by a preponderance of the evidence that Guardant's infringement of any asserted claim was willful? (A "Yes" answer is a finding for UW and TwinStrand; a "No" answer is a finding for Guardant.)

        Yes (UW and TwinStrand)        No (Guardant)

           ✓ _____      _____

### 3. Damages with Respect to UW and TwinStrand's Asserted Patents

*You are only to answer question 3.1.1 below if you have found one or more of the asserted claims of UW and TwinStrand's Asserted Patents infringed in section 1 above.*

    3.1.1. What is the total amount you determine to be a reasonable royalty to compensate the University of Washington and TwinStrand for Guardant's infringement of the asserted patents?

$ __83.4__ million

4. **Damages (Details of Calculation)**

Please answer the following questions only if you awarded any amount in answer to question 3.1.1.

    4.1.1. What royalty rate did you apply in arriving at the amount of damages awarded in answer to 3.1.1?

        _____6_____ %

    4.1.2. What is the amount of the revenue base to which you applied the royalty rate?

        $ __1.39 billion__

    4.1.3. What amount of the revenue base, if any, was revenue for sales of Guardant's services?

        $ __106 million__

## UNANIMOUS VERDICT

*Upon reaching a unanimous verdict on each question above, each juror must sign below.*

We, the jury, unanimously agree to the answers to the above questions and return them under the instructions of this Court as our verdict in this case.

[REDACTED] [REDACTED]

Dated: 11/14/2023

5