IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TWINSTRAND BIOSCIENCES, INC. & UNIVERSITY OF WASHINGTON,<br><br>           Plaintiffs,<br><br>     v.<br><br>GUARDANT HEALTH, INC.,<br><br>           Defendant. | C.A. No. 21-1126-GBW-SRF |

**DEFENDANT GUARDANT HEALTH INC.'S MOTION FOR JUDGMENT
AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
50(b) OR, IN THE ALTERNATIVE, NEW TRIAL PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 59</u>**

Defendant Guardant Health, Inc. ("Guardant") respectfully moves for judgment as a matter of law ("JMOL") pursuant to Federal Rule of Civil Procedure 50(b), or in the alternative, a new trial pursuant to Federal Rule of Civil Procedure 59, on the following grounds:

(1) Plaintiffs TwinStrand Biosciences, Inc. and University of Washington (collectively, "TwinStrand") failed to present legally sufficient evidence that Guardant infringes any asserted claim of the asserted patents because Guardant does not practice any of the bioinformatics steps in the asserted claims—much less all of these steps, as required by law;

(2) Even if Guardant performed all the claimed bioinformatics steps, there is no legally sufficient evidence that Guardant performs these steps in the order required by this Court's claim constructions;

(3) In addition to the above deficiencies in TwinStrand's attempt to prove infringement for all Guardant products and services, Guardant services (Companion and Explore) cannot infringe any asserted claim of the asserted patents because use of the Guardant

1

services does not practice the claimed methods even under TwinStrand's infringement theory, and TwinStrand's own expert admitted at trial that use of the services is non-infringing;

(4) TwinStrand failed to present legally sufficient evidence that any infringement was willful;

(5) TwinStrand failed to present legally sufficient evidence to support the jury's damages award; and

(6) In the alternative, and for the same reasons summarized above, the verdict is against the clear weight of the evidence and/or the prejudicial admission of inadmissible evidence produced an unlawful verdict, thus warranting a new trial that should extend to all issues in the case on which this Court has not otherwise granted JMOL.

The grounds for Guardant's motions are set forth in the accompanying brief.

Dated: March 4, 2024

| **OF COUNSEL** | **DLA PIPER LLP (US)** |
|---|---|
| Mark Fowler (admitted *Pro hac vice*)<br>Susan Krumplitsch (admitted *Pro hac vice*)<br>Monica De Lazzari (admitted *Pro hac vice*)<br>Peiyao Zhang (admitted *Pro Hac Vice*)<br>**DLA PIPER LLP (US)**<br>3203 Hanover Street<br>Suite 100<br>East Palo Alto, California 94303-1123<br>Telephone: 650-833-2048<br>Facsimile: 650-687-1138<br>mark.fowler@us.dlapiper.com<br>susan.krumplitsch@us.dlapiper.com<br>monica.delazzari@us.dlapiper.com<br>peiyao.zhang@us.dlapiper.com | */s/ Jeff Castellano*<br>Brian A. Biggs (DE Bar No. 5591)<br>Jeff Castellano (DE Bar No. 4837)<br>Erin E. Larson (DE Bar No. 6616)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE  19801-3046<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341<br>brian.biggs@us.dlapiper.com<br>jeff.castellano@us.dlapiper.com<br>erin.larson@us.dlapiper.com<br><br>*Attorneys for Defendant Guardant Health, Inc.* |

Ellen Scordino (admitted *Pro Hac Vice)*
Nancy C. Braman (admitted *Pro Hac Vice)*
**DLA PIPER LLP (US)**
33 Arch Street
26th Floor
Boston, MA 02110-1447
Telephone: 617-406-6085
ellen.scordino@us.dlapiper.com
nancy.braman@us.dlapiper.com

Tracy Block (admitted *Pro Hac Vice)*
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
Telephone: (212) 335-4733
Facsimile: (917) 778-8733
tracy.block@us.dlapiper.com

Travis Jensen
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7458
Facsimile: (650) 614-7401