# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TWINSTRAND BIOSCIENCES, INC. & UNIVERSITY OF WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>GUARDANT HEALTH, INC.,<br><br>Defendant. | C.A. No. 21-1126-GBW-SRF |

**DEFENDANT GUARDANT HEALTH INC.'S MOTION FOR APPROVAL OF BOND AND TO STAY EXECUTION AND ENFORCEMENT OF JUDGMENT**

Pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, Defendant Guardant Health, Inc. ("Guardant") respectfully moves the Court to approve the posting of a bond in the amount of $100,080,000 in the form attached hereto as Exhibit A ("the Bond") and to stay execution on the Court's Judgment (D.I. 520), or any final, modified, or amended judgment in this action, until the completion of all appeals to the United States Court of Appeals for the Federal Circuit from the Judgment, any final, modified, or amended judgment, or any post-judgment order relating to liability or the amount owed in this action.

Pursuant to Local Rule 7.1.1, counsel certifies that the parties have met and conferred and were unable to reach agreement.

## INTRODUCTION

Guardant secured a Bond (attached as Exhibit A) that preserves the status quo, as required by Rule 62 and applicable case law. The Bond covers the damages award set forth in the Judgment in full, as well as more than two years of post-judgment interest. Plaintiffs are not automatically entitled to any other relief under the Judgment, nor has the Court ordered any other relief. In fact, Guardant's liability, the appropriate amount of damages if liability stands, and

1

Plaintiffs' entitlement to any additional monetary relief are all disputed issues and are currently being briefed to the Court in connection with post-judgment motions. (D.I. 530, 532). Because no other amounts have been awarded to Plaintiffs (and in Guardant's view, should not be awarded), it would be prejudicial to Guardant to require a bond to cover any speculative additional amounts, and would be inconsistent with the purpose of Rule 62. Any additional bond amount is also unnecessary in view of the fact that Guardant is a large, publicly traded company with sufficient financial resources to satisfy the Judgment, which Plaintiffs have acknowledged. D.I. 535 at 14-15.

For these reasons, Guardant requests that the Court approve the attached bond and stay execution on the Judgment or any final, modified, or amended judgment pending appeal.

## ARGUMENT

On February 6, 2024, the Court entered Judgment in favor of Plaintiffs TwinStrand Biosciences, Inc. and the University of Washington (collectively, "Plaintiffs") and against Guardant in the amount of $83,400,000 on Plaintiffs' claim for willful infringement. D.I. 520. The Judgment does not include any amounts for pre- or post-judgment interest or any other costs, fees, enhancements, or amounts owed to Plaintiffs. *Id.*

The parties are currently engaged in post-judgment briefing. Guardant has moved for judgment as a matter of law and for a new trial and seeks to have the jury's verdict set aside. D.I. 530, 531. Plaintiffs have moved for pre- and post-judgment interest, attorneys' fees, an ongoing royalty, enhancement of the jury's damages award, and other relief. D.I. 532, 535. The parties' briefing on post-judgment motions is expected to be complete in April 2024.

Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "The stay takes effect when

the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.*

The parties have agreed to stay execution on the Judgment pending a decision on this motion, and have filed a stipulation to that effect. D.I. 539 (So Ordered on March 7, 2024).

On March 19, 2024, Guardant secured the Bond, in the amount of $100,080,000, or 120 percent of the total amount of the Judgment. Ex. A. The Bond extends through appeal. *Id.*

"'The purpose of a supersedeas bond under Rule 62(d) is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution.'" *S. Track & Pump, Inc. v. Terex Corp.*, No. 08-CV-543-LPS, 2014 WL 4825249, at *1 (D. Del. Sept. 29, 2014) (quoting *VICI Racing, LLC v. T-Mobile USA, Inc.*, 921 F. Supp. 2d 317, 335 (D. Del. 2013)).

Plaintiffs seemingly agree that a bond posted at this stage of the proceedings need not cover discretionary or disputed amounts beyond post-judgment interest. Indeed, while discussing a possible agreement of a bond amount, Plaintiffs stated they believed the bond would need to be "revised upwards" if the Court were to award any of those amounts in its discretion, including "enhance[d] damages etc." (although they insisted, without further explanation, that the bond cover 150 percent of the Judgment amount). Ex. B.

The amount of the Bond exceeds the damages award in the Judgment by 20 percent, and therefore is more than sufficient to preserve the status quo as to the $83.4 million damages awarded in the Judgment (especially given the jury's inclusion of the Guardant services in the damages base, resulting in at least $6.36 million of improperly awarded damages). *See* Trial Tr. 1137:19-1138:13 (Court noting that this was a "close call" and that "the Court will have to -- may have to analyze further at some point as to whether this -- under the circumstances, that

3

would be sort of a double, would be counting double as to infringement, double sort of liability for the use of the product given that the products themselves are accused of infringement."). Despite the fact that the Guardant services should not have been part of the damages base even under Plaintiffs' own infringement theory, Guardant secured a bond that covers not only the full damages award (including Guardant services), but also includes an additional 20 percent.

That additional 20 percent is more than sufficient to cover post-judgment interest, the only additional monetary relief to which Plaintiffs would be automatically entitled to as a matter of law if the underlying Judgment remains intact. Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961. Plaintiffs assert that the applicable rate is 4.76%. D.I. 535 at 20. Plaintiffs' expert Dr. McDuff calculates that rate as corresponding with $10,876 per day on the royalty award. D.I. 533 at ¶ 7. Over 18 months[1], using that daily rate (without conceding that it is correct), post-judgment interest comes to about $5.9 million, for a total of $89.3 million, well below the total amount of the Bond.[2]

Moreover, Plaintiffs have not asserted, and there is no reason to believe that Guardant – a large, publicly-traded company – cannot or will not satisfy the ultimate judgment in this case. In fact, Plaintiffs have acknowledged the adequacy of Guardant's financial resources in their own

---

[1] Including time for this Court to decide post-trial motions and the Federal Circuit to issue its decision, if necessary. See United States Court of Appeals for the Federal Circuit, Mediation Time to Disposition in Cases Terminated After Hearing or Submission (https://cafc.uscourts.gov/wp-content/uploads/reports-stats/FY2023/MedDispTimeMERITS-Table-FY23.pdf) (listing 12-16 month median disposition time for district courts cases from FY21-FY23).
[2] Even if that timetable is extended to 24 months, the total amount (Judgment + post-judgment interest) would be approximately $91.3 million ($7.9 million in interest + $83.4 million verdict), still well below the bond amount.

4

post-trial brief. D.I. 535 at 14-15. Thus, there is "no basis to conclude that Defendant will be unable or unwilling to pay the full amount sought by Plaintiff, if the ultimate disposition of the case is consistent with this Court's judgment." *S. Track & Pump*, 2014 WL 4825249, at *2. In these circumstances, requiring a bond of more than 120 percent is unnecessary. *See id.* at *1 (noting that a full supersedeas bond is appropriate "where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon the ultimate disposition of the case . . . .").

For the above reasons, Guardant respectfully requests that the Court approve the Bond attached as Exhibit A, and stay execution of the Judgment or any final, modified, or amended judgment until the conclusion of the appeal in this case.

Dated: March 21, 2024

| | |
|---|---|
| **OF COUNSEL** | **DLA PIPER LLP (US)** |
| | |
| Mark Fowler (admitted *Pro hac vice)* | */s/ Jeff Castellano* |
| Susan Krumplitsch (admitted *Pro hac vice)* | Brian A. Biggs (DE Bar No. 5591) |
| Monica De Lazzari (admitted *Pro hac vice)* | Jeff Castellano (DE Bar No. 4837) |
| Peiyao Zhang (admitted *Pro Hac Vice)* | Erin E. Larson (DE Bar No. 6616) |
| **DLA PIPER LLP (US)** | 1201 North Market Street, Suite 2100 |
| 3203 Hanover Street | Wilmington, DE  19801-3046 |
| Suite 100 | Telephone: (302) 468-5700 |
| East Palo Alto, California 94303-1123 | Facsimile: (302) 394-2341 |
| Telephone: 650-833-2048 | brian.biggs@us.dlapiper.com |
| Facsimile: 650-687-1138 | jeff.castellano@us.dlapiper.com |
| mark.fowler@us.dlapiper.com | erin.larson@us.dlapiper.com |
| susan.krumplitsch@us.dlapiper.com | |
| monica.delazzari@us.dlapiper.com | *Attorneys for Defendant Guardant Health,* |
| peiyao.zhang@us.dlapiper.com | *Inc.* |

Ellen Scordino (admitted *Pro Hac Vice)*
Nancy C. Braman (admitted *Pro Hac Vice)*
**DLA PIPER LLP (US)**
33 Arch Street
26th Floor

Boston, MA 02110-1447
Telephone: 617-406-6085
ellen.scordino@us.dlapiper.com
nancy.braman@us.dlapiper.com

Tracy Block
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
Telephone: (212) 335-4733
Facsimile: (917) 778-8733
tracy.block@us.dlapiper.com

Travis Jensen
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7458
Facsimile: (650) 614-7401
tjensen@orrick.com