IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TWINSTRAND BIOSCIENCES, INC. & UNIVERSITY OF WASHINGTON,

*Plaintiffs*,

v.

GUARDANT HEALTH, INC.,

*Defendant*.

C.A. No. 21-1126-GBW-SRF

**FINAL JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 58, and in accordance with the jury verdict (D.I. 497), the Court's prior orders and rulings, including the February 5, 2024 Judgment (D.I. 520) and June 16, 2026 Memorandum Opinion and Order (D.I. 637, 638) resolving the parties' post-trial motions, the Court hereby enters FINAL JUDGMENT as follows:

1. Judgment is entered in favor of Plaintiffs TwinStrand Biosciences, Inc. and University of Washington and against Defendant Guardant Health, Inc. with respect to Plaintiffs' claims of willful infringement of claim 1 of U.S. Patent No. 10,287,631 and claims 24 and 30 of U.S. Patent No. 10,760,127.

2. Judgment is entered in favor of Plaintiffs and against Defendant with respect to the validity of claim 1 of the '631 patent and claims 24 and 30 of the '127 patent.

3. Judgment is entered in favor of Plaintiffs and against Defendant for damages in the amount of $83,400,000.00 based on the jury verdict for Defendant's infringement of the asserted claims through June 30, 2023.

4. Plaintiffs are awarded supplemental damages in the amount $19,504,534 for Defendant's sales of the Royalty Bearing Instrumentalities[1] between July 1, 2023, and February 5, 2024.

5. Plaintiffs are awarded ongoing royalties at a rate of 6% for damages in the amount of $119,421,311 for Defendant's sales of the Royalty Bearing Instrumentalities between February 5, 2024, and May 31, 2026.

6. Plaintiffs are awarded ongoing royalties at a rate of 6% for Defendant's sales of the Royalty Bearing Instrumentalities from June 1, 2026, through the expiration of the '631 and '127 patents, paid quarterly.

7. Plaintiffs are awarded pre-judgment interest at the prime rate, compounded quarterly, on the jury's verdict and the supplemental damages awarded by the Court, in the amount of $13,431,109.

8. Plaintiffs are awarded post-judgment interest at a rate of 4.76% (a) applied to the jury verdict for the period from February 5, 2024 to May 31, 2026 (amounting to $9,491,360), (b) applied to the jury verdict from June 1, 2026, to the date of entry of this judgment, and (c) applied to the total amount of damages, including the jury verdict, supplemental damages, ongoing royalties, and prejudgment interest for the period from the date of entry of this judgment until satisfaction of the liability Defendant has incurred as of the date of entry of this judgment.

---

[1] The "Royalty Bearing Instrumentalities" includes assays run by Guardant using the technology specifically found to infringe at trial, including Guardant360 Lab Developed Test, Guardant360 CDx, GuardantOMNI, Guardant Reveal/LUNAR-1, Guardant360 Response, Guardant360 TissueNext, Guardant HEME, GuardantINFINITY/Sirius, and Guardant LUNAR-2/Shield, as those products existed at the time of trial. "Royalty Bearing Instrumentalities" also includes the Guardant Companion and Guardant Explore services.

9. The amounts in this final judgment are based on the accountings Guardant provided to Plaintiffs on June 29, 2026 and August 7, 2026.

10. Excluded from this final judgment are products and services not specifically accused at trial and any version of any accused product or service released after trial that Guardant has represented is more than colorably different from the version adjudicated at trial, including but not limited to products (and services related thereto) that Guardant has represented run on Guardant's EP1 platform and do not utilize the somatic calling module (such as, for example, the Guardant Reveal product as of December 3, 2024 and Guardant's Shield product as of July 22, 2026), without prejudice to Plaintiffs' ability to seek relief for any alleged infringement by those products and services in a new action and without prejudice to any defense that Guardant may have to any such claim or action.

11. Also excluded from this final judgment are sales or revenues occurring on or after July 1, 2023, arising from services (other than the Guardant Companion and Guardant Explore services), including but not limited to (i) maintenance, monitoring, and set-up services; (ii) reanalysis, custom, and research-use-only reports; and (iii) separately-priced report add-on modules layered on a base assay (for example, immuno-oncology, HRD, viral, or custom modules). These exclusions are without prejudice to Plaintiffs' ability to seek relief for any alleged infringement by those services in a new action and without prejudice to any defense that Guardant may have to any such claim or action.

12. Guardant shall provide Plaintiffs with an accounting, quarterly, of all U.S. sales during the preceding three months of the Royalty Bearing Instrumentalities, on a product-by-product and service-by-service basis.

13. Notwithstanding the jury's finding of willfulness, the Court will not enhance damages under 35 U.S.C. § 284.

14. Each party shall bear its own attorneys' fees incurred through the date of this Final Judgment.

15. This is a final, appealable judgment.

IT IS SO ORDERED.

Dated: August 21, 2026

Honorable Gregory B. Williams
United States District Judge